**STATE of Missouri, Respondent,**

v.

**Kenneth Ray DENNIS, Appellant.**

**No. KCD 27690.**

Missouri Court of Appeals,
Kansas City District.

May 3, 1976.

Motion for Rehearing and/or Transfer
Denied June 1, 1976.

Application to Transfer Denied
July 12, 1976.

Richard J. Yocum, Asst. Public Defender, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Direct appeal following a guilty plea to a charge of rape. A sentence of ten years to run consecutively to a prior conviction was imposed.

On this appeal defendant raises two questions: (1) that a plea of guilty to the rape of the same woman in another county subjected defendant to double jeopardy for the same occurrence and since rape is a continuing offense, defendant was charged with the same offense, and (2) because of a delay of sixteen months from the date of the offense until the indictment was returned, defendant was denied his right to a speedy trial. Affirmed.

 The courts of this State do not sanction a general right to appeal from a plea of guilty. *State v. Cody,* 525 S.W.2d 333, 335[6, 7] (Mo. banc 1975). It is also stated in *Cody*: "[w]e do not disturb the rule in Missouri that a plea of guilty voluntarily and understandingly made waives all non-jurisdictional defects and defenses." 525 S.W.2d 333, 335[6, 7]. See also *Kansas City v. Stricklin,* 428 S.W.2d 721, 728[8, 9] (Mo. banc 1968). However, the plea of double jeopardy does raise a jurisdictional question which may be considered on direct appeal following a guilty plea. *State v. Cody, supra.*

The claim made by defendant is that rape is a continuing offense. The defendant would seem to be urging that if a person is once convicted of rape he could never thereafter be tried for the rape of the same woman. This, of course, is completely untenable.

█ Generally rape is not a continuing offense, but each act of intercourse constitutes a distinct and separate offense. 75 C.J.S. Rape § 4. In a very similar situation the claim of a continuing offense was rejected in *Mikell v. State*, 242 Ala. 298, 5 So.2d 825 (1942). There the court held a prosecution for rape in one county was not barred by a previous acquittal on a charge of rape on the same woman a short time earlier in another county.

█ Here the previous assault upon which the defendant bases his claim of double jeopardy occurred in Atchison County, Missouri. The record does not disclose the precise times involved, but it does show an admission by the defendant that he kidnapped his victim and after two assaults, tied her up and put her in the back seat of his car. He then drove to Platte County, Missouri, where the assault to which he pled guilty in this case took place. This court can take judicial notice of the distance between Platte County and Atchison County to ascertain the distance is approximately seventy miles. It is thus apparent there was some time interval between the occurrence in Atchison County and that in Platte County.

No case has been cited in which a Missouri court has decided the question raised by defendant as to whether multiple assaults resulting in rape constitute multiple crimes or but a single crime. Independent research also fails to locate any Missouri authority on this subject. In addition to the statement in *C.J.S.* and *Mikell* the Tennessee Court of Criminal Appeals confronted this problem in *Lillard v. State*, 528 S.W.2d 207, 210[1, 2] (Tenn.Cr.App.1975). The court in *Lillard* discussed this problem and in so doing stated at 528 S.W.2d 211[3]:

"But we do not agree that a man who has raped a woman once may again assault and ravish her with impunity, at another time and at another place, as was done here. An intent was formed to rape her again. The evidence of the second rape is entirely additional to that of the first. Additional orders were given to the captive female, an intent to have her again was formed and manifested, and the crime committed. Certainly there was separate and additional fear, humiliation and danger to the victim."

The reasoning in *Lillard* is persuasive upon this court. Certainly it cannot be held that a man who has raped a woman once may again assault and ravish her with impunity.

By the admission of the defendant in this case the assault in Platte County took place considerably after the assaults in Atchison County. But even more germane to the question than the time interval is the fact the defendant formed the intent to again assault the victim in Platte County and again applied the force necessary to accomplish his purpose and thereupon completed a separate and distinct act.

█ Lending additional support to this conclusion is the fact Missouri does not follow the same transaction rule in determining double jeopardy. *State v. Bowles*, 360 S.W.2d 706, 707[1] (Mo.1962). In applying the separate and several offense rule which Missouri has adopted, it is apparent the assault in Platte County was a separate and distinct crime for the reasons heretofore outlined. Defendant's contention that the Platte County charge constituted double jeopardy is rejected.

█ The other ground urged by the defendant does not fall within the rule in *Cody* and thus cannot be considered on this appeal. In that ground, defendant claims a denial of his constitutional right to a speedy trial in the delay in bringing the indictment of about sixteen months after the date of the occurrence. It was stated in *Steinkuhler v. State*, 490 S.W.2d 68, 71[1, 2] (Mo. 1973) "the contention of denial of defendant's right to a speedy trial forms no basis for relief following a plea of guilty."

In any event, a motion to quash the indictment, filed by the defendant prior to his guilty plea, showed he was charged with the same crime in the magistrate court. Such motion further shows no preliminary hearing was held on this charge from September, 1972, until the indictment was returned in January, 1974, because of an agreement between the attorneys representing defendant and the State. In this situation the defendant is in no position to complain that he was denied a speedy trial. *State v. Harris,* 425 S.W.2d 148, 151[2, 3] (Mo.1968).

Judgment affirmed.

All concur.