STATE of Missouri, Respondent,

v.

Charles H. BROWN, Appellant.

No. 37983.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 8, 1977.

Daniel V. O'Brien, Michael J. Puricelli, St. Louis, for defendant-appellant.

John Ashcroft, Preston Dean, William F. Arnet, Jefferson City, George A. Peach, Thomas M. Daly, St. Louis, for plaintiff-respondent.

DOWD, Judge.

Appellant was charged with two counts of leaving the scene of an accident, § 564.-450 RSMo 1969. Count I charged appellant with leaving the scene of an accident with Mark Johnson. Count II charged appellant with leaving the scene of an accident with Dale Wishard. A jury found appellant guilty upon both counts. Appellant was sentenced to concurrent 6 month terms. On appeal, appellant argues that the trial court erred in not compelling a state witness to testify and that the trial court erred in permitting appellant's conviction upon two counts.

On the evening of January 18, 1975, four newspaper boys were walking north in single-file along South Vandeventer in the City of St. Louis. They were returning unsold newspapers to the paper branch and were walking near the left curb in the street, pushing newspaper carts. As the boys approached the Vandeventer-Tower Grove Avenue intersection, a south-bound automobile struck the last two boys in the line, Mark Johnson and Dale Wishard. The

boys sustained minor injuries. The driver of the red Mustang which hit the boys did not stop but continued south along Vandeventer.

Michele Manzio was driving the car behind the red Mustang and observed the accident. She followed the Mustang until it stopped in a parking lot and then spoke to the driver. She informed the tall, blond, muscular man who was driving the Mustang that she would give his license number to the police if the driver did not return to the scene of the accident. The driver said he would return, but he did not go back.

Ms. Manzio reported the Mustang's license number to the police. The license was issued to Mike Mitchell. Mitchell appeared in a line-up before Ms. Manzio but was not identified by her.

The police later located and seized the red Mustang from a service station parking lot. The next day, an employee of the service station called the police and told them that a man fitting the description given by the police was at a coffee shop across the street from the service station. The police went to the coffee shop, encountered the appellant, and arrested him.

Ms. Manzio identified appellant as the driver of the red Mustang. Appellant testified that he and Mitchell worked together at the service station and that they had bought and repaired the red Mustang. He denied that he had been involved in an accident on January 18, 1975.

Appellant's first point on appeal is that the trial court violated his Sixth Amendment right to confront witnesses in permitting a witness, Charles Michael Mitchell, to refuse to testify on the ground that his testimony might tend to incriminate him. Witness Mitchell appeared at trial but refused, on Fifth Amendment grounds, to give any testimony other than his name and address. Appellant argues that his Sixth Amendment right of confrontation was superior to Mitchell's Fifth Amendment rights in this case and that Mitchell should have been compelled to give testimony. We do not agree that appellant's Sixth Amendment rights were violated.

Mitchell gave no testimony at trial other than his name and address. Thus, Mitchell gave no evidence against the appellant at trial. A criminal defendant has no right to confront a "witness" who gives no evidence at trial. *United States v. Heck,* 499 F.2d 778, 789 n.9 (9th Cir. 1974); United States *ex rel. Meadows v. State of New York,* 426 F.2d 1176, 1184[15] (2d Cir. 1970); *Shuler v. Wainwright,* 491 F.2d 1213, 1224[13] (5th Cir. 1974). The test of whether a defendant's Sixth Amendment right has been violated is whether the defendant has been deprived of his right to test the truth of the witness' direct testimony. *United States v. Rogers,* 475 F.2d 821, 827[10] (7th Cir. 1973).

The Sixth Amendment right of confrontation ensures that the trustworthiness of evidence *actually disclosed* at trial will be tested by effective cross-examination and by personal observation of the witness providing the evidence. United States *ex rel. Meadows v. State of New York, supra* at 1184[14]. In the case at bar, witness Mitchell gave no direct testimony that required an assurance of trustworthiness. No right of confrontation was lost in permitting the witness to refuse to testify.

Appellant's second point on appeal is that his conviction upon Count II placed him twice in jeopardy for the same offense alleged in Count I. We disagree.

The state cannot split a single crime and prosecute it in parts. *State v. Richardson,* 460 S.W.2d 537, 539[1] (Mo. banc 1970); *State v. Collett,* 526 S.W.2d 920, 933[15] (Mo.App. 1975). However, several distinct offenses may be committed in the course of the same general transaction. *State v. Turner, Jr.,* 543 S.W.2d 270, 273[6] (Mo.App. 1976). The fact that two crimes occur at substantially the same time or that substantially the same evidence must be shown to prove both crimes does not require the state to present only one charge. The important question is whether two crimes occurred. *State v. Cabell,* 539 S.W.2d 584, 586–7 (Mo.App. 1976).

We believe that appellant was properly charged upon two counts of leaving the

scene of an accident because appellant was involved in two separate accidents and, in neither instance, did appellant stop and provide the information required by Section 564.450 RSMo 1969. One accident occurred when appellant's automobile struck Mark Johnson's newscart, driving the cart into Mark Johnson and thereby injuring him. A second accident occurred when appellant's vehicle struck and injured Dale Wishard. Each impact constituted an accident.

The case at bar does not present the situation found in *State v. Dougherty*, 358 Mo. 734, 216 S.W.2d 467 (1949), *upon which appellant has relied. In* State v. Dougherty, the defendant left the scene of an accident after he struck a taxicab causing property damage and personal injuries to the driver of the taxicab and the passenger. The court noted that a single offense had been committed even though more than one person was injured. *State v. Dougherty, supra* at 471[3, 4]. We believe that one impact is one accident, regardless of the number of people injured. However, multiple impacts give rise to multiple accidents.

The trial court committed no error, and the judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.