**STATE of Missouri, Respondent,**

v.

**Willie Earl CHILDS, Appellant.**

**No. 48555.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1984.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 9, 1985.

William J. Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., St. Louis, for respondent.

CRANDALL, Judge.

Defendant Willie Earl Childs was convicted after a jury trial of two counts of kidnapping, three counts of forcible rape, and one count of sodomy. He was sentenced as a persistent offender to concurrent ten-year prison sentences on the kidnapping counts, a consecutive five-year term for the sodomy count, and three consecutive five-year terms for the three rape counts for a total of thirty years' imprisonment. On appeal, defendant alleges that the three rape convictions relate to a single offense of rape, thus subjecting him to double jeopardy in violation of the Missouri Constitution and U.S. Constitution. Mo. Const. Art. 1, § 19; U.S. Const. Amend. V.

■ Defendant has not properly preserved his allegation of error for appellate review because it is not included in his motion for new trial. We therefore review his point under plain error. Rule 30.20. "No precise method exists for determining plain error but it can be said that plain error includes prejudicial error which so substantially affects the rights of the accused that a 'manifest injustice or miscarriage of justice inexorably results if left uncorrected.'" *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983). Finding no error, plain or otherwise, we affirm.

■ Defendant's double jeopardy contention is, in effect, a challenge to the sufficiency of the evidence to support separate

convictions of rape. *State v. Henderson,* 669 S.W.2d 573, 575 (Mo.App.1984). In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, accepting the State's evidence as true and disregarding all adverse evidence and inferences. *State v. Jones,* 672 S.W.2d 707, 708 (Mo.App.1984).

Defendant lived with a woman and her three children in a house in Meacham Park in St. Louis County, Missouri. The defendant and the woman were not married. Defendant came home at about 4 a.m. on September 9, 1983, and tore the telephone off a kitchen wall saying he was in trouble and he was "tired of all this." He began attacking the woman using a telephone cord and his hands. He also began attacking the woman's teenage daughter.

Defendant's violent behavior continued into the daughter's bedroom where he took another phone out of the wall and tore up furniture. He then forced the daughter and her mother into the master bedroom and threatened to kill them. He tore up furniture in that room and barricaded the door with the broken furniture so they could not escape and continued attacking them, now using a leg he had torn off of a sewing machine cabinet to strike them.

Defendant then told both the daughter and her mother to undress. He abused them verbally, saying he would "make whores out of them," he would put them on the "Stroll," and said he would make the daughter have his baby.

At approximately 7 a.m. he began fondling the breasts of the daughter. He subsequently had intercourse with her three times, starting on top of her, then entering her from behind, then getting on top of her again. After these three attacks, he then committed sodomy on her. Since the rapes are the focus of the appeal, more detail regarding them is necessary.

The mother testified that the sexual assaults began after 7 a.m. She testified that the defendant fondled the daughter's breasts, then got on top of the daughter and had sex with her. The mother did not state how long this act lasted, stating only it seemed like forever.

The mother stated that then the defendant got off the daughter. The daughter, who had been lying on her back during the first attack, turned on her side to see her mother, and subsequently the defendant "started having sex with her again from the back." There was no mention by the mother of what period of time elapsed, if any, between the time the defendant got off the daughter and began the second rape.

The mother testified that at some point that attack stopped, and the defendant then "got back on her" and had sex with the daughter. Again, there was no mention of any time periods by the mother, other than that the sexual assaults began after 7 a.m. and the entire ordeal was over around noon.

The daughter testified that the defendant began "playing with my chest" and began "talking about that he was going to make me have his baby" around 7 a.m. She stated he then got on top of her and raped her. She testified that when he later got off of her, she turned on her side so she could see her mother, and the defendant "inserted his penis again" while lying behind her. She stated this second rape lasted about fifteen minutes. She then testified that the defendant turned her over on her back and got on top of her again and began a third rape. She stated this third attack lasted half an hour. The daughter did not state what amount of time, if any, elapsed between the rapes.

After these acts, the defendant laid his arms and legs across the two women hoping to prevent them from escaping as he began to fall asleep. The mother unsuccessfully tried to get out from underneath him once and was beaten again for trying to escape. She was successful on the second attempt and summoned the police. The ordeal ended around noon.

The defendant denied any sexual contact with the daughter. He testified that she and her mother had been physically attacking him, so he barricaded himself in the master bedroom to keep them out.

■ "In determining double jeopardy, Missouri follows the separate or several

offense rule rather than the same transaction rule." *State v. Treadway,* 558 S.W.2d 646, 651 (Mo. banc 1977), *cert denied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), meaning a defendant can be convicted of several offenses arising from the same set of facts without violation of double jeopardy. The determining factor as to whether several charges are identical is whether each offense necessitates proof of an essential fact or element not required by the other. *State v. Chambers,* 524 S.W.2d 826, 829 (Mo. banc 1975), *cert. denied,* 423 U.S. 1058, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976).

■ Defendant claims the sexual acts alleged in the three rape counts were one continuing act, but "[g]enerally rape is not a continuing offense, but each act of intercourse constitutes a distinct and separate offense." *State v. Dennis,* 537 S.W.2d 652, 654 (Mo.App.1976). In *State v. Brown,* 547 S.W.2d 217, 219 (Mo.App.1977), the court stated:

The state cannot split a single crime and prosecute it in parts. However, several distinct offenses may be committed in the course of the same general transaction. The fact that two crimes occur at substantially the same time or that substantially the same evidence must be shown to prove both crimes does not require the state to present only one charge. (Citations omitted.)

In *Vaughan v. State,* 614 S.W.2d 718 (Mo.App.1981), the court listed several factors to consider in determining whether multiple assaults resulting in rape constitute multiple crimes. The factors include "time, place of commission and, preeminently, defendant's intent, as evidenced by his conduct and utterances." *Id.* at 722. The defendant in *Vaughan* was unsuccessful on his double jeopardy claim. The evidence showed two rapes occurred, separated by at least twenty-five minutes and an act of sodomy.

In *Dennis,* 537 S.W.2d 652, there was no evidence of the precise times involved. The court discussed the likelihood there was a time interval between two separate rapes

because they occurred in different counties, but then stated: "But even more germane to the question than the time interval is the fact the defendant formed the intent to again assault the victim ...." *Id.* at 654.

In *State v. Davis,* 624 S.W.2d 72 (Mo. App.1981), the defendant claimed double jeopardy where various acts of sodomy were committed on the same victim at the same place. The sexual acts differed factually in the method of performance. The court, citing *Dennis* and *Vaughan,* concluded that differing acts of sodomy which involve different aspects of the human anatomy and which were separated by a period of time in which the defendant performed natural intercourse, were of sufficient individual identity to warrant conviction on two counts of sodomy.

In the present case we have no specific evidence of time intervals between the three rapes, although it might be inferred there was a lapse of time between them since the sexual assaults began at 7 a.m. and the victims escaped the room around noon. However, the most significant factor is the "defendant's intent, evidenced by his conduct and utterances." *Vaughan,* 614 S.W.2d at 722.

Here, after three hours of physical violence, the defendant held the daughter and her mother captive in one room for five more hours, after telling them to disrobe. He made statements about making whores out of them and about forcing the daughter to have his baby. He got on top of her, raped her once. He raped her again in a different position. He then climbed on top of her and raped her a third time. Finally he committed an act of sodomy on her.

Defendant argues that there was no evidence of multiple ejaculations and makes the allegation the appellant acted upon a single intent—to engage in intercourse until orgasm.

Ejaculation is not a necessary element of the crime of rape. *State v. Boyd,* 643 S.W.2d 825, 828 (Mo.App.1982). Clearly defendant's overall intent was one of humiliation and violence to both the daughter and her mother. He accomplished his intent, in part, by separate and distinct acts of sexu-

al depravity on the daughter in the presence of her mother over a period of several hours.

> "Repeated acts of forcible sexual intercourse are not to be construed as a roll of thunder,—an echo of a single sound rebounding until attenuated. One should not be allowed to take advantage of the fact he has already committed one sexual assault on the victim and thereby be permitted to commit further assaults on the same person with no risk of further punishment for each assault committed. Each act is a further denigration of the victim's integrity and further danger to the victim."

*Vaughan,* 614 S.W.2d at 722–723, *citing Harrell v. State,* 88 Wis.2d 546, 277 N.W.2d 462, 469 (Ct.App.1979). "Certainly it cannot be held that a man who has raped a woman once may again assault and ravish her with impunity." *Dennis,* 537 S.W.2d at 654.

The judgment is affirmed.

DOWD, P.J., and CRIST, J., concur.