STATE of Missouri,
Plaintiff-Respondent,

v.

Charles JACKSON, Jr.,
Defendant-Appellant.

No. 49616.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 26, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1986.

Application to Transfer Denied
Feb. 18, 1986.

Leonard W. Buckley, Jr., St. Louis, for defendant-appellant.

Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Defendant, Charles Jackson, Jr., appeals his conviction by a jury, in the Circuit Court of the City of St. Louis, of kidnapping, § 565.110 RSMo 1978; forcible rape, § 566.030 RSMo 1978; forcible sodomy, § 566.060 RSMo 1978; robbery first degree, § 569.020 RSMo 1978; and armed criminal action, § 571.015 RSMo 1978. He was sentenced to the Missouri Department of Corrections and Human Resources for a total of ninety (90) years as a result of these convictions.

Defendant contends on appeal: (1) the trial court erred in denying defendant's motion for judgment of acquittal with regard to the kidnapping charge in that the evidence did not indicate there was a substantial removal or confinement beyond that inherent in the charged rape, thus a conviction for both rape and kidnapping constituted double jeopardy; (2) the trial court erred in replacing one of the jurors with an alternate without making a finding that she was unable to perform her duties, thereby denying defendant the jury he had chosen and his right to a fair and impartial jury. We affirm.

Defendant, by asserting that there was not substantial removal or confinement to sustain convictions on both the kidnapping and the rape charges, challenges the sufficiency of the evidence. In reviewing a defendant's challenge to the sufficiency of the evidence we view the facts and all the reasonable inferences that can be drawn therefrom in the light most favorable to the verdict and all contrary evidence and inferences must be disregarded. *State v. Goddard*, 649 S.W.2d 882, 884 [1] (Mo. banc 1983). Guided by the standard we now review the facts.

On February 4, 1984 at approximately 2:45 a.m. the victim, G.H., was accosted by defendant in the parking lot of her apartment complex at 1177 Hodiamont in the City of St. Louis. Armed with a knife defendant dragged the victim to a vacant house located at 1284 Hodiamont. Defendant forced the victim up the stairs and into

a room on the second floor of the house. He pushed her down onto a sofa, ordered her to disrobe, and raped her. Subsequently, he demanded she perform oral sodomy upon him. He then robbed her. The victim, at this point, attempted to escape, however, defendant caught her, threw her back on the sofa, and again raped her. After raping the victim for the second time, defendant fell asleep on top of her. While defendant was on top of her, the victim grabbed the knife and stabbed him three times. A struggle ensued whereby the victim was able to escape despite defendant's efforts to prevent it. She ran to a neighbor's home where she received assistance and the police were summoned. The victim gave a description of her assailant to the police, and showed them where the assault took place. The police then took her to a hospital where she was treated for rape and released.

On the same day as the rape at approximately 5:26 a.m., the University City Police responded to a call regarding a stabbing. The victim of this stabbing was the defendant. His explanation to the police concerning his wounds was that he was robbed and stabbed at a location which was approximately four blocks from the scene of the rape. Defendant was taken to a hospital for treatment.

A week after the rape, on February 11, 1984, the victim identified defendant as her assailant in a line-up.

This case went to trial on November 5, 1984. During the course of the trial one of the jurors was observed to have closed her eyes on several occasions. It was unclear as to whether the juror was sleeping or just concentrating. The first time this was noticed by the trial court, the judge admonished the jury to keep their eyes open while listening to the evidence. Later in the trial defendant requested that the juror be removed from the panel due to the fact she frequently closed her eyes during the trial and was thus inattentive. The state objected to this motion. The court took the motion under advisement without ruling on it. At the instruction conference at the end of

trial, the court granted defendant's motion to remove the juror. The state again objected but to no avail. An alternate juror was substituted for the one stricken and no further objections concerning this matter were made. The jury was sent to deliberate and returned verdicts of guilty on all charges.

This appeal followed.

Defendant asserts in his first point on appeal that the trial court erred in denying appellant's motion for judgment of acquittal with regard to the kidnapping charge because the evidence did not indicate that there was substantial removal or confinement beyond that inherent in the charged rape; therefore, convictions for both rape and kidnapping constituted double jeopardy and subjected defendant to multiple punishment for merged offenses which is in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 18(a) of the Missouri Constitution. We find this point meritless.

The offense of kidnapping is defined in § 565.110 RSMo 1978:

A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another person without his consent for a substantial period for the purpose of:

(1) Holding that person for ransom or reward, or for any other act to be performed or not performed for the return or release of that person; or

(2) Using the person as a shield or as a hostage; or

(3) Interfering with the performance of any government or political function; or

(4) Facilitating the commission of any felony or flight thereafter; or

(5) Inflicting physical injury on or terrorizing the victim or another.

As explained in Comment to the 1973 Proposed Code regarding the kidnapping statute:

Kidnapping is designed to cover those situations where the confinement or

movement of a person without his consent involves a high risk of injury or death, or where it creates a harm (including the terror of the victim) that is not adequately covered by another offense.... Kidnapping is not meant to cover the confinement or movement which is merely incidental to the commission of another offense.... To take such incidental confinement or movement and punish it as kidnapping would be making two crimes out of what is basically one offense. In these situations the movement or confinement does not add any additional danger to what is already present from the crime of robbery, and there is no purpose served by punishing this movement or confinement as the very serious offense of kidnapping.

Although we agree with the principle expressed in the comments that the offense of kidnapping should not be used in instances where the movement or confinement is merely incidental to another offense, we disagree that this was the situation in this instance.

■ In determining whether a defendant's actions of moving and confining his victim are incidental to another offense or are sufficient by themselves to constitute the offense of kidnapping, we must look to see if there was any increased risk of harm or danger to the victim from the movement or confinement that was not present as a result of the other offense. *State v. Stewart*, 615 S.W.2d 600, 603 [2] (Mo.App.1981).

Defendant argues in his brief:

The removal of the victim to the vacant house did not substantially increase the risk of danger presented by the Assailant's raping at knifepoint. The Assailant's act in walking the victim a short distance to a spot of more privacy, simply allowed the Assailant to position his victim for the abhorrent attack. It did not expose her to an ongoing risk of danger from being transported from place to place in a moving car or expose her to confinement of many hours.

■ Contrary to this argument we find the evidence clearly indicates there was a substantial increase in the risk and danger to the victim because defendant moved her approximately a block into an abandoned building.

Increased risk or harm or danger may arise either from the movement itself or from the potential of more serious criminal activity because of the remoteness or privacy of the area to which the victim was moved. The time involved in the movement or the distance it covers are not the determining factors.

By moving the victim to an abandoned building, defendant increased his ability to prolong his sexual ·assault and make it more violent. He also decreased the chance that there would be any witnesses to the attack, and made the victim's escape more difficult. The privacy acquired by moving the victim to a more secluded spot, although not far away from where he first accosted her, did significantly increase her risk of danger and injury. The evidence also indicates that he intentionally confined her. After raping the victim once, she attempted to escape. He forcibly prevented her from leaving. He also tried to detain her on her second successful attempt to escape. "[W]hether or not the asportation or confinement of the victim necessary to commit the offense of kidnapping occurs depends on the facts of [each] case." *State v. Davis*, 624 S.W.2d 72, 76 (Mo.App. 1981).

The facts in this case definitely support the kidnapping conviction.

■ With regard to the double jeopardy claim, Missouri follows the separate or several offense rule which means a defendant can be convicted of several offenses arising from the same set of facts without violation of double jeopardy. *State v. Childs*, 684 S.W.2d 508, 510–511[3] (Mo. App.1984). "Multiple charges are permissible if the defendant has in law and in fact committed separate crimes." *State v. Lint*, 657 S.W.2d 722, 725 [4] (Mo.App. 1983). Offenses are not identical when one requires proof of an essential element or fact not required by the other. *State v.*

*Johnson,* 549 S.W.2d 627, 630 [3] (Mo.App. 1977). The elements of kidnapping and rape are each distinct and different from each other.[1] Kidnapping as described in § 565.110 does not have the element of sexual intercourse with one other than a spouse, nor does rape require confinement against one's will for the purpose of holding a person for ransom, or as a shield or hostage, or interfering with the performance of any governmental or political function, or facilitating the commission of a flight from a felony, or inflicting physical injury on, or terrorizing the victim or another. *See* § 565.110. RSMo 1978. There are no common elements constituting the crime of rape and kidnapping.

■ The evidence in this case reflects that the defendant did in law and in fact commit two separate offenses. He did in fact abduct the victim against her will for the purpose of facilitating another felony (rape), and he also had non-consensual sexual intercourse with her. This is clearly the type of situation referred to by the court in *Childs* where two separate offenses arise out of the same set of facts. There was sufficient evidence to support the convictions for each of the separate convictions. We find no double jeopardy problem.

■ Defendant preserved nothing for review with regards to his second point on appeal in that he failed to raise the issue concerning the removal of the juror in his motion for a new trial. *See, State v. Jennings,* 649 S.W.2d 448, 452 [7] (Mo.App. 1983). We find no manifest injustice or miscarriage of justice resulting in plain error pursuant to Rule 30.20. Therefore we will not address this issue except to point out that the defendant requested the removal of the juror and it is improper for him to appeal from a favorable ruling on his own motion. *State v. Woolford,* 545 S.W.2d 367, 372 [11] (Mo.App.1976). There

is sufficient evidence to support all of the defendant's convictions.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.

---

1. Rape as it pertains to this case is defined as: "A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion." § 566.030(1) RSMo 1980.