**STATE of Missouri, Respondent,**

v.

**Lonnie C. ERBY, Appellant.**

**No. 51977.**

Missouri Court of Appeals, Eastern District, Division One.

July 14, 1987.

Motion for Rehearing and/or Transfer Denied Aug. 18, 1987.

Application to Transfer Denied Sept. 15, 1987.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from jury convictions of two counts of kidnapping, four counts of forcible rape with a deadly weapon or dangerous instrument, one count of forcible rape, two counts of forcible sodomy with a deadly weapon or dangerous instrument, one count of armed criminal action, and one count of stealing without consent. Defendant was sentenced to a total of 115 years' imprisonment. We affirm.

In his sole issue on appeal, defendant proffers the trial court should have grant-

ed a judgment of acquittal at the close of all of the evidence with respect to the two kidnapping charges and the armed criminal action charge which had one of the kidnappings as the underlying felony. Defendant claims the actions to support the kidnappings, specifically moving the victims, were merely incidental to the commissions of the rapes and sodomies.

In each of the two attacks for which defendant was convicted of kidnapping, defendant accosted the victim on the street, placed one hand over the victim's mouth, threatened the victim with a knife, forced the victim into an abandoned building, and raped and sodomized the victim.

Section 565.110, RSMo 1986, in part provides:

1. A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of

    *     *     *     *     *     *

    (4) Facilitating the commission of any felony or flight thereafter; ...

As explained in *State v. Jackson*, 703 S.W.2d 30, 32–33[1] (Mo.App.1985), kidnapping should not be charged where the movement or confinement is merely incidental to another offense. However, disallowing a kidnapping charge whenever another offense is committed would make subsection 4 of § 565.110.1 meaningless.

In determining whether the moving or confining is incidental to a crime other than the kidnapping, we must look to see if there was any increased risk of harm or danger to the victim that was not present as a result of the other offenses. *Jackson*, 703 S.W.2d at 33[2]. The increased risk of harm may come from either the movement itself or the increased potential for more serious criminal activity due to the remoteness or privacy of the area to which the victim was moved. *Id.*

In the first attack, the victim was walking down a street in her neighborhood when the defendant grabbed her. She could see a friend's mother on a porch several houses up the street. After taking her to an abandoned building, defendant raped victim, sodomized victim and again raped victim. These actions took place over a period of time that would probably not have been available had victim not been moved. Moreover, the isolation and the decreased possibility of help probably added to the victim's terror and decreased her chances of escape. The isolation also decreased the chances of witnesses and the capture of defendant.

In the second attack, the victim was grabbed on a street corner. The defendant had his arm around victim and told her to "just pretend we're girlfriend and boyfriend" so that passing drivers or anyone else would not be suspicious. He then forced victim to go to a vacant building. There he raped victim, sodomized victim, again raped victim, and then stole money from victim. Once more, moving the victim greatly facilitated the crimes and enhanced the danger to victim.

The facts of this case support the kidnapping convictions. Therefore, the armed criminal action conviction is also proper.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.