**STATE of Missouri, Respondent,**

v.

**Edwin E. TERRELL, Appellant.**

**No. 53291.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1988.

Christopher E. McGraugh, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant Edwin Terrell was convicted by a jury in the St. Louis County Circuit Court of second degree assault, RSMo § 565.060 (1986), armed criminal action, RSMo § 571.015 (1986), third degree assault, RSMo § 565.070 (1986), and two counts of felonious restraint, RSMo § 565.120 (1986). The court sentenced defendant as a prior offender to seven years for second degree assault, ten years for armed criminal action, one year for third degree assault, and seven years for each count of felonious restraint; each sentence to be served consecutively. On appeal, de-

fendant argues that the trial court erred in overruling his motion for judgment of acquittal in that the State presented insufficient evidence to prove that defendant used a dangerous instrument. Therefore, defendant argues, the convictions on second degree assault, armed criminal action and the two counts of felonious restraint should be reversed. We affirm.

On February 2, 1986, Deborah Michelle Davis waited outside a bar on Delmar Boulevard in University City for her friend Cindi Deutschman to finish working. It was approximately 2:00 a.m. but the area was well lit. While Ms. Davis waited for Ms. Deutschman, Ms. Davis had a five to seven minute conversation with defendant. After Ms. Deutschman finished working, the two young women walked to Ms. Deutschman's apartment nearby, picked up a few things and walked past the bar where they both encountered defendant. After a brief conversation the two women walked away from defendant towards the Washington University campus, traveling along the Gateway pedestrian path.

Defendant then approached the two women from behind and struck Ms. Davis on the head with a beer bottle. Defendant struck Ms. Davis with such force that the bottle broke, cutting her head and neck. Defendant yelled at the women and grabbed them each by the collar. Defendant stated that he was a police officer and that they were in trouble. As he pulled the two women back towards Delmar Boulevard, defendant reached down Ms. Deutschman's shirt and ripped it. Ms. Deutschman then retrieved a whistle from her coat and blew it. Defendant let go of the women and ran from the scene. The victims contacted the police; University City Officer Harmon responded and brought the victims to the police station where Ms. Davis received medical treatment for cuts on her head and neck.

Six weeks later, as Ms. Davis and Ms. Deutschman were waiting in their car at a stoplight on Delmar Boulevard, they spotted the defendant crossing the street in front of them. They promptly summoned a police officer who then arrested defendant.

Coincidentally, the arresting officer was Officer Harmon, the same officer who responded the morning of the attack. Both victims identified defendant as their attacker. At trial defendant offered the defense of mental defect or disease. The jury returned guilty verdicts on all counts.

Defendant asserts on appeal that the State presented insufficient evidence to prove second degree assault, armed criminal action, or felonious restraint. Specifically, defendant argues that the State failed to prove that the beer bottle used by the defendant was a dangerous instrument; *i.e.* the State failed to prove that the bottle was capable of causing serious physical injury or death under the circumstances in which it was used. Thus, defendant maintains, the State did not prove an essential element of the crimes charged.

■■■ Ms. Davis received no stitches for the cuts left from the blow from the beer bottle. Defendant argues that since Ms. Davis did not receive a serious physical injury the State should have been required to prove that under the same or similar circumstances a beer bottle would create a substantial risk of death, disfigurement, or impairment of the function of any part of the body. *See* RSMo § 556.061(9), (26) (1986). But whether or not the victim suffered serious physical injury is irrelevant. "Dangerous instrument" is defined as "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." RSMo § 556.061(9) (1986). In determining whether a particular object is a dangerous instrument we look to its use under the circumstances. *State v. Anderson,* 663 S.W.2d 412, 416 (Mo.App., S.D.1983). Missouri courts have found beverage bottles to be "dangerous weapons" under previous statutes. *See State v. Goodman,* 496 S.W.2d 850, 852 n. 1 (Mo.1973) (champagne bottle); *State v. Hacker,* 214 S.W.2d 413, 415 (Mo. 1948) (whiskey bottle). A beer bottle is ordinarily a harmless object, but when wielded as a bludgeon upon a human being it becomes a dangerous instrument capable of causing serious physical injury or death.

Clearly, the State presented sufficient evidence to prove that the beer bottle became a dangerous instrument in the hands of defendant.

We also note that the use of a dangerous instrument is not required to prove felonious restraint. Rather, the State need only prove that a defendant interfered substantially with the victim's liberty and subjected the victim to a substantial risk of serious physical injury. RSMo § 565.120.1 (1986). The evidence revealed that defendant restrained the victims after he had physically injured one and assaulted the other. He then began to pull the victims toward the street where he claimed he had a car. Defendant's restraint of the women after having already assaulted them clearly exposed the women to a continuing, substantial risk of serious physical injury.

The State presented sufficient evidence to sustain defendant's convictions of second degree assault, armed criminal action and felonious restraint. Finding no error of law, defendant's convictions are affirmed.

REINHARD and CRIST, JJ., concur.