STATE of Missouri, Respondent,

v.

Gregory WILLIAMS, Appellant.

Gregory WILLIAMS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61523 and 63154.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 3, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Gregory Williams, appeals from judgments of conviction, after a jury trial, for attempted rape, armed criminal action, kidnapping, and armed criminal action. He was sentenced as a persistent sexual offender and a prior, persistent, and class X offender to consecutive terms of life, thirty years, thirty years, and thirty years. He also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm the judgments of conviction. Defendant's appeal from the denial of his Rule 29.15 motion is dismissed.

The evidence, viewed in a light most favorable to the verdict, discloses that on March 26, 1991, defendant attempted to rape D.M. during the daylight hours in a parking lot in the City of St. Louis. Defendant pushed D.M. into her parked car where he attacked her. When D.M. tried to resist defendant's assault, he repeatedly struck her head with a 40 oz. Magnum Malt bottle. The victim was stunned and blood flowed from a cut from her forehead into her eyes. At one point, defendant told D.M. to drive into an alley. However, before defendant could force D.M. to comply with this order, a witness called the police and defendant was arrested at the scene during the commission of the crime. D.M. was later treated at a local hospital for multiple lacerations, abrasions, and bruises. The wound on her forehead had to be sutured. At the time of trial, D.M. still had a scar from that injury.

Defendant first claims the trial court erred in denying his motion for judgment of acquittal at the close of the State's case on the kidnapping count and the associated armed criminal action count. He argues that under the evidence, his confinement of D.M. was merely incidental to the attempted rape. Defendant asserts he was therefore unfairly subjected to multiple punishments for the merged offenses of rape and kidnapping.

Section 565.110, RSMo (1986) provides, in pertinent part:

1. A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of: ... (4) [f]acilitating the commission of any felony or flight thereafter; ...

■ The offense of kidnapping should not be used in situations where the movement or confinement is merely incidental to another offense. *State v. Jackson,* 703 S.W.2d 30, 33 (Mo.App.1985). However, disallowing a kidnapping conviction whenever another offense is committed would make subsection 4 of the statute meaningless. *State v. Erby,* 735 S.W.2d 148, 149 (Mo.App.1987).

■ To determine whether a defendant's action of moving and confining his victim is incidental to another offense or is in itself sufficient to constitute the offense of kidnapping, we look to see if there was any increased risk of harm or danger to the victim from the movement or confinement that was not present as the result of the other offense. *State v. Olds,* 831 S.W.2d 713, 720 (Mo.App. E.D.1992).

■ "Increased risk or harm or danger may arise either from the movement itself or from the potential of more serious criminal activity because of the remoteness or privacy of the area to which the victim was moved. The time involved in the movement or the distance it covers are not the determining factors." *Jackson,* 703 S.W.2d at 33. Whether or not the moving or confinement of the victim necessary to commit the crime of kidnapping occurs depends on the facts of each case. *Olds,* 831 S.W.2d at 721.

■ Here, defendant pushed D.M. into her automobile and confined her there. There was evidence that defendant tried to force her to drive to another location. By his actions, defendant increased the risk of harm or danger to D.M. and created the potential for more serious criminal activity. Defendant's confinement of D.M. in the automobile made her escape more difficult and made it less likely for his criminal activity to be observed by witnesses. Undoubtedly, the isolation and decreased possibility of help added to D.M.'s terror. Had defendant succeeded in forcing D.M. to drive to an even more remote area, he would have increased his ability to prolong his sexual assault and make it more violent. His failure was a result of his own ineptitude and his inability to overpower D.M. Her vigorous and courageous resistance, coupled with the fortuitous help of a witness who summoned the police, forestalled an even more brutal attack. Certainly, the record in this case supports a kidnapping conviction. Defendant's first point is denied.

■ Defendant next contends that the trial court erred when it found that defendant was a prior, persistent, and class X offender under § 558.019, RSMo (Cum.Supp.1992),

and a persistent sexual offender under § 558.018, RSMo (Cum.Supp.1992). Defendant claims the trial court used the same prior conviction, in part, to improperly stack enhancements. Defendant requests our review under plain error. Rule 30.20.

Here, neither statute prohibits application of the other; the plain language of the statutes would appear to permit application of both. *See State v. Ewanchen,* 799 S.W.2d 607 (Mo. banc 1990).

In addition, defendant was sentenced to consecutive terms of life, thirty years, thirty years and thirty years. On Count I, attempted rape, defendant was sentenced to life imprisonment as a prior and persistent offender, a class X offender, and also as a persistent sexual offender. On the remaining three counts, defendant was sentenced as a prior, persistent offender and class X offender.[1] The State presented evidence that defendant had convictions for three felonies, including a 1977 assault with the intent to ravish. Based on that evidence, the trial court properly found defendant to be a class X offender. The trial court also found the defendant to be a persistent sexual offender based on his 1977 conviction for assault with the intent to ravish. *See* § 558.018.2.

Because the sentencing on the attempted rape conviction is the only one to which the "impermissible stacking" is relevant, we focus our analysis there. Defendant received a life sentence for this conviction. Section 558.019.4(4), relating to minimum prison terms for repeat offenders, provides that a sentence of life shall be calculated to be 50 years. As a class X offender, defendant must serve 80% of his sentence. § 558.019.4(3). Therefore, as a class X offender, defendant would serve at least forty years for the attempted rape conviction. The persistent sexual offender enhancement mandates that a defendant found to be a "persistent sexual offender" shall serve not less than 30 years without probation or parole. Section 558.018(2).

Even if we assume error in the sentencing, the so-called stacking of the persistent sexual

offender enhancement is harmless to defendant. Since defendant will already serve 40 years of the life sentence due to his Class X status, his sentence as a persistent sexual offender is mere surplusage. Defendant's second point is denied.

Defendant next claims the State failed to make a submissible case on the armed criminal action counts. He argues that the beer bottle used by defendant in his attack was not, under the circumstances in which it was used, readily capable of causing death or other serious injury. He again requests our review under plain error. Rule 30.20.

A beer bottle, when wielded as a bludgeon upon a human being, becomes a dangerous instrument capable of causing serious physical injury or death. *State v. Terrell,* 751 S.W.2d 394, 395 (Mo.App.1988). Whether or not the victim in fact suffers a serious physical injury is irrelevant to the issue of whether a crime was committed. *Id.* Clearly, the State made a submissible case on the two counts of armed criminal action. Because we find no error, plain or otherwise, defendant's third point is denied.

Finally, defendant claims the trial court erred in giving an instruction to the jury patterned after MAI–CR3d 302.04, defining "reasonable doubt." That instruction has repeatedly been upheld as proper. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Defendant's fourth point is denied.

Defendant's judgments of conviction are affirmed. Defendant's appeal from the denial of his Rule 29.15 motion is dismissed.

REINHARD and CRIST, JJ., concur.

---

1. Section 558.019.4(3), RSMo (Cum.Supp.1992) provides that: A "class X offender" is one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times.