**STATE of Missouri, Respondent,**

v.

**Freddie Lee HARRIS, Appellant.**

**No. 46456.**

Missouri Court of Appeals,
Eastern District,
Division 2.

Nov. 1, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 1983.

Dorothy Hirzy, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury conviction of first degree robbery, § 569.020 and kidnapping, § 565.110, RSMo 1978. The trial court sentenced defendant to a total of 12 years imprisonment for both convictions. We reverse on the basis of prosecutorial misconduct and remand for a new trial.

At trial victim testified defendant robbed him at knife point of $28.00. Defendant testified victim offered him the $28.00 for a homosexual encounter. Defendant admitted taking the offer but then refused to submit. Defendant claims victim then got angry, called the police, and wrongly accused defendant of robbing him. Although defendant's seemingly incredible story was rejected by the jury, the prosecutor exceeded the permissible bounds of closing argument in this case.

Evidence at trial indicated defendant's lawyer hired an investigator to interview the state's witness. The witness had driven into a garage where the alleged robbery occurred and observed defendant and victim standing close together. Victim testified defendant, with his knife, forced him to stand close by. Defendant said victim was making a play for sexual favors.

The prosecutor's closing argument told the jury the victims in rape cases are constantly faced with consent as a defense. If the jury believed defendant's testimony, every robbery victim would face being labeled homosexual. The prosecutor then informed the jury defense counsel did not ask the victim at the preliminary hearing if he was homosexual. Further, defense counsel did not ask victim if he was homosexual when taking his deposition. The prosecutor then told the jury the state first learned of the homosexual defense while the case was being tried.

Continuing the argument, the prosecutor said the investigator's eyes must have lighted up when the state's witness said defendant and victim appeared to be dancing in the garage. The prosecutor then stated the homosexual defense was then and there created, thus implying defense counsel had suborned perjury or fabricated the defense.

Aside from a claim of mental disease or defect, a defendant is under no obligation to inform the state of his defense prior to trial. *State v. Hardin*, 558 S.W.2d 804, 807 (Mo.App.1977). Arguing defense counsel suborned perjury or fabricated a defense is patently improper. *State v. Moomey*, 581 S.W.2d 899, 902–03 (Mo.App.1979).

Furthermore, the record indicates defendant did not receive a fair trial due to the continued harangue between the prosecutor and defense counsel throughout a heated trial. We decline to answer defendant's other points because the errors complained of are not likely to reoccur on retrial.

Judgment reversed and remanded for new trial.

PUDLOWSKI and SIMON, JJ., concur.