STATE of Missouri, Respondent,

v.

Dwayne BRYANT, Appellant.

No. WD 39604.

Missouri Court of Appeals,
Western District.

July 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 30, 1988.

Dan J. Pingelton, Columbia, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and SHANGLER and BERREY, JJ.

BERREY, Judge.

Appellant, Dwayne Bryant, was convicted in a jury-tried case of rape, § 566.030, RSMo 1986, and sentenced to five (5) years imprisonment. Because appellant challenges the sufficiency of the evidence a review of the facts is necessary. This review of the facts is done in the light most favorable to the state with the appellate court accepting as true all evidence favorable to the state and all favorable inferences flowing from this evidence. *State v. Koonce*, 731 S.W.2d 431, 434 (Mo.App. 1987).

On May 7, 1986, Wanice Buford, the complaining witness and victim, was awakened

around 2:00 a.m., by a friend who told her that Bryant was fighting outside of her dormitory at Lincoln University. Wanice, who had previously been involved in a sexual relationship with Bryant, went downstairs to meet him. She met him just as he was leaving with a security guard. Bryant requested that she drive his car to his home. She did so. Upon reaching Bryant's residence, Wanice gave the car keys to Donald Bryant, appellant's brother. When appellant arrived home he began to argue with his brother. When this argument ended Wanice went with appellant to his room where he asked her to sign a report that he was filling out concerning the events that had occurred earlier. She refused, as he would not permit her to read the report. This lead to an argument.

Wanice left the room and went to the back porch. Anna Jones, Donald Bryant's girlfriend, was also present on the porch. Appellant asked Wanice back to his room and she went. He became abusive, slapping her and accusing her of telling Anna Jones about his business. Wanice tried leaving several times but was always frustrated in her efforts by Bryant who blocked the door. At one point, Donald came into the room and asked his brother to let Wanice go. She was able to reach the front door before once again being blocked by appellant. They struggled and Wanice was able to get outside before being dragged back in by Bryant. He demanded she get into bed with him. She complied, but then got up to use the bathroom. She once again asked Bryant if she could leave but he did not give her an answer.

Interpreting Bryant's silence as a yes, Wanice left the house and began running down the street. Bryant caught up with her several blocks away. He cursed at her and began slapping and kicking her while he pulled her back to the house. Once there, he demanded that she go to his room, strip, and give her clothes to him. She did so reluctantly. He got into bed with her and asked if she wanted to have sex with him. She said no. His reply to this was to tell her they were going to have it anyway. He pried open her legs, yanking them apart and thereafter penetrated

her. Wanice was afraid to call out because Bryant told her that he would hit her.

Subsequently, upon completion of the act of intercourse, Bryant allowed her to go to the bathroom. She came back and was directed by Bryant to get into bed. She complied. When Bryant eventually fell asleep, she got out of the bed, found some clothes, gathered her shoes and keys and left the house. She ran down the street and met two Jefferson City police officers. She asked them for a ride back to school and discussed the procedure for filing a complaint.

Dr. Linda Strong examined Wanice at Still Hospital. Her examination revealed bruises on the face, buttocks, thighs, swollen cheeks and a busted lip. Her vagina had been abraded. The police contacted Wanice at the hospital where she gave a statement. Bryant was arrested and subsequently tried and convicted of rape. This appeal followed.

Appellant's first contention is that the trial court erred in submitting Instruction No. 5 to the jury as it improperly contained alternative mental states presenting an overly broad choice to the jury and was, as given, confusing. The instruction also contained typographical errors in the definition of consent which, appellant argues, were prejudicial because they made the definition confusing to the jury.

The state urges that appellant failed to raise this issue in his motion which states that, "the trial court erred in submitting Instruction No. 5 ... in that said instruction submitted alternative mental states...." This language is sufficient to preserve the issue for review. Thus, the plain error review urged by the state is inapplicable. *See State v. Harris*, 620 S.W. 2d 349, 354 (Mo. banc 1981).

The instruction challenged by appellant is patterned after MAI–CR 3d 320.02.1B which reads:

**320.02.1B FORCIBLE RAPE**

((As to Count _____, if) (If) you do not find the defendant guilty of the class A felony of forcible rape as submitted in Instruction No. _____, you must consider whether he is guilty of forcible rape under this instruction.)

(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) (at about [*time of day or night*] on) (between the hours of [*times of day or night*] on) [*date*], in the (City) (County) of _____, State of Missouri, the defendant had sexual intercourse with [*name of victim*] and

Second, that defendant did so without the consent of [*name of victim*] by the use of forcible compulsion, and

Third, that defendant was not then married to [*name of victim*], (and) (Fourth, that defendant (knew that sexual intercourse was being accomplished without the consent of [*name of victim*] by forcible compulsion) (or) (consciously disregarded a substantial and unjustifiable risk that sexual intercourse was being accomplished without the consent of [*name of victim*] by forcible compulsion, and such disregard constituted a gross deviation from the standard of care which a reasonable person would have exercised in the situation,) then you will find the defendant guilty (under Count _____) of forcible rape.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Consent or lack of consent may be expressed or implied. Assent does not constitute consent if it is induced by force or duress. "Forcible compulsion" means (physical force that overcomes reasonable resistance) (or) (a threat, express or implied, that places a person in reasonable fear of (death) (or) (serious physical injury) (or) (kidnapping) (of (himself) (or) (another person))).

If you do find the defendant guilty (under Count _____) of forcible rape, you will assess and declare the punishment at:

1. Life imprisonment, or
2. Imprisonment for a term of years fixed by you, but not less than five years.

Instruction No. 5 used the optional fourth paragraph of MAI–CR 3d 320.02.1B. As given it read:

Fourth, that defendant knew that sexual intercourse was being accomplished without the consent of Wanice Buford by forcible compulsion or consciously disregarded a substantial and unjustifiable risk that sexual intercourse was being accomplished without the consent of Wanice Buford by forcible compulsion, and such disregard constituted a gross deviation from the standard of care which a reasonable person would have exercised in the situation,....

■ Appellant contends that because the mental states of "knowingly" and "recklessly" were both presented by the instruction, the trial court erred in submitting this instruction to the jury. Appellant argues that, the instruction as given presented an overly broad choice for the jury and suggested an impermissible variety of direction among the alternatives from which the jury could pick and choose and, as given, was confusing. There is no merit in this argument.

Note 3, in the Notes on Use following MAI–CR 3d, 320.02.1B contains the following language:

Optional paragraph (Fourth) may be given on the Court's own motion, and must be given if requested by defendant and, from the evidence or absence thereof, it could reasonably be inferred that the victim consented or that the defendant believed that the victim consented. The mental state submitted must be "recklessly" unless the prosecutor elects to submit the higher mental state of "knowingly."

Appellant contends that the result of not removing "recklessly" in the event the standard for "knowingly" is submitted, is to confuse the jury allowing them to pick and choose different elements in convicting the defendant. Appellant also argues that the final sentence of Note 3 is a command to this effect. However, appellant is reading this sentence out of context. Note 3 merely explains the requisite mental states of the offense.

Appellant was convicted under § 566.030, RSMo 1986. This statute does not set out a culpable mental state so § 562.021(2), RSMo 1986, must be consulted for instruction. This section states that, "if the definition of an offense does not expressly prescribe a culpable mental state, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly or recklessly, but criminal negligence is not sufficient." Rape must be committed either recklessly or knowingly, negligence is not enough. Either mental state, if supported by sufficient evidence, can support a conviction. *See State v. Foster,* 631 S.W.2d 672, 675–676 (Mo. App.1982). The defendant was not prejudiced in having this instruction before the jury. Indeed, Note 3 favors a defendant by specifying that "recklessly" must be used, not a lower culpable mental state.

The instruction was not confusing as given, nor is it conceivable that the jury was able to pick and choose the elements necessary to convict appellant. The evidence presented at trial would support a finding that appellant "knew that sexual intercourse was being accomplished without the consent of Wanice Buford by forcible compulsion." No prejudice to appellant exists here.

■ Appellant also argues that a typographical error in Instruction No. 5 was prejudicial to him. This conclusion is clearly untenable. The portion of the instruction complained of reads:

> Consent or lack of consent may be expressed or implied [.] [a]ssent does not constitute consent if it is induced by force or duress. "Forcible compulsion" means physical force that overcomes reasonable resistance or a threat, express or implied, that placed a person in reasonable fear of serious physical injury or kidnapping [of] herself.

(Typographical errors shown in brackets.)

As a general proposition, instructions should not be confusing, ambiguous or equivocal, nor should they mislead jurors. *State v. Henderson,* 530 S.W.2d 382, 387 (Mo.App.1975). The typographical errors in Instruction No. 5 do not render the instruction incomprehensible. The meaning is still obvious and clear. Efforts on the part of appellant to otherwise twist the meaning clearly point out the extraordinary lengths it takes to give any other than the obvious meaning to the instruction. This is not reversible error and, accordingly, appellant's Point I is denied.

■ Appellant also challenges the sufficiency of the evidence against him. Specifically, appellant argues that there was no evidence of forcible compulsion of the level required for conviction. Appellant's position is clearly untenable. As a rule issues of this type are to be resolved by a jury unless the reviewing court finds as a matter of law that there was insufficient evidence presented by the state to sustain a finding on this element of the crime. *State v. Baldwin,* 571 S.W.2d 236, 239 (Mo. banc 1978).

■ A charge of rape can be established by the victim's uncorroborated testimony unless that testimony is of a contradictory nature or so unconvincing as to require corroboration. *State v. Hannett,* 713 S.W. 2d 267, 272 (Mo.App.1986). Unless there are major inconsistencies and contradictions in such testimony the credibility of the witness is a matter for the jury to determine. *State v. Koonce, supra,* 731 S.W.2d at 439. In reviewing the victim's testimony for the purposes of this appeal, it is clear that a finding of forcible compulsion was supported by sufficient evidence. A finding of forcible compulsion is required by § 566.030, RSMo 1986, for a conviction of rape. Forcible compulsion is defined in § 556.061(12), RSMo 1986, as "either (a) Physical force that overcomes reasonable resistance, or (b) A threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of himself or another person."

Wanice's testimony was not so inherently unbelievable or contradictory so as to be unsubstantial or improbable. No corroboration of her testimony is necessary, although there is corroborative testimony in the transcript. From her testimony a finding of forcible compulsion could have been made by the jury. She testified that appellant had been abusive to her and that she made several attempts to leave his house. When she did manage to break free, he

followed her, caught her and continued being physically abusive to her. She acceded to his demands by stripping, giving her clothes to him, and getting into bed. She did not consent to sex nor did she call for help because he had told her he would hit her and she did not want to be hit. Medical testimony corroborated these claims of abuse. Appellant himself admitted to slapping and kicking Wanice and stopping her from leaving. Appellant's Point II is denied. There was no error made by the trial court in its denial of appellant's motion for acquittal. The decision of the trial court is affirmed.

All concur.