**STATE of Missouri, Respondent,**

v.

**William V. DANIEL, Appellant.**

**No. WD 39784.**

Missouri Court of Appeals,
Western District.

Feb. 21, 1989.

Lloyd Koelker, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P.J., and
TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

William V. Daniel was found guilty by a jury of one count of attempted forcible rape, § 566.030, RSMo 1986,[1] five counts of forcible sodomy, § 566.060 and one count of attempted forcible sodomy, § 566.060. In accordance with the jury verdict the court sentenced Daniel to fifteen years on the rape count and fifteen years on one of the attempted forcible sodomy counts and twenty years on each of the other counts with the sentences ordered to run concurrently.

The court in its judgment mistakenly referred to Count I as forcible rape when in fact it was attempted forcible rape and in Count VI referred to forcible sodomy when in fact it was attempted forcible sodomy and so designated by the jury.

Daniel contends the judgment cannot stand because the testimony of the victim was so contradictory and in conflict that it does not constitute substantial evidence. Affirmed.

The victim testified that she met Daniel at a bar and was driving home alone from the bar when Daniel ran his car into her car. She stated Daniel forced her by threats to go into a cemetery across the street from the accident and committed the sexual crimes there. Daniel testified and admitted performing various sex acts but testified that all of the acts were consensual.

Daniel points to conflict in the evidence between the victim's testimony and other witnesses concerning her contact with Daniel in the bar, and the conduct of Daniel and the victim after the auto accident. Daniel contends that the conflicts require the victim's testimony to be corroborated. Corroboration of the victim is not required unless the *victim's testimony* is so contradictory or in conflict with physical facts, "surrounding circumstances and common experience, that its validity is thereby rendered doubtful." *State v. Harris*, 620 S.W.2d 349 (Mo. banc 1981). The conflict between the testimony of the victim and other witnesses does not trigger the application of the corroboration rule.

The only conflict in the victim's testimony to which Daniel points is the fact that there were apparently no scratches on the victim when she had testified she was dragged across the wall to get into the cemetery. The victim testified that she accompanied Daniel into the cemetery by reason of threats made to her and on direct examination she testified that she climbed over the wall with Daniel's help as a result of his threats. A review of the victim's testimony does not reveal any conflict which would invoke the corroboration rule. The essential element which the jury had to assess was whether or not the victim consented to the acts committed by Daniel. The victim's testimony was strong and certain without any inconsistency or contradiction on that point.

This court notes a clerical error in the formal judgment entered by the court. Count I was denominated as "forcible rape" when it was in fact "attempted forcible rape" and Count VI was denominated as "forcible sodomy" when in fact it was "attempted forcible sodomy." This clerical error may be corrected by nunc pro tunc

---

1. All sectional references are to Missouri's Revised Statutes, 1986, unless otherwise stated.

order without the necessity of resentencing. *State v. Owen*, 748 S.W.2d 893, 896 (Mo.App.1988).

The judgment is affirmed and this cause is remanded to the circuit court for the limited purpose of entering a nunc pro tunc order to designate Count I as attempted forcible rape and Count VI as attempted forcible sodomy in the judgment.

All concur.