**STATE of Missouri, Respondent,**

v.

**James D. JONES, Appellant.**

**No. WD 43177.**

Missouri Court of Appeals,
Western District.

March 12, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1991.

Application to Transfer Denied
June 11, 1991.

David Samuel Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

PER CURIAM.

After a jury trial, James D. Jones was found guilty of forcible rape in violation of § 566.030, RSMo 1986 (repealed 1990). The trial court accepted the jury's recommended punishment and imposed a sentence of five years' imprisonment. Appellant now challenges the sufficiency of the evidence.

We affirm the conviction and sentence, but remand for the limited purpose of correcting the judgment.

To convict of forcible rape under § 566.030.1, RSMo 1986 (repealed 1990), the state was required to prove beyond a reasonable doubt that appellant had sexual intercourse with another person to whom he was not married, without that person's consent by the use of forcible compulsion. In examining the sufficiency of the evidence, we view all evidence and inferences in the light most favorable to the verdict, and disregard all contrary evidence and inferences. *State v. Brigman*, 784 S.W.2d 217, 219 (Mo.App.1989).

Mindful of the elements of proof and the standard of appellate review, we recount the evidence underlying appellant's conviction of forcible rape.

Appellant and the fifteen-year-old female victim first met at a high school dance on September 8, 1989. Throughout the night, appellant made sexual advances toward the victim. At the dance, appellant pinned the victim against a wall and fondled her by moving his hands up and down her back side. After the dance, in the parking lot of a fast food restaurant, appellant pulled the victim into some bushes, tried to kiss her, and placed his hands inside her pants. Each time the victim resisted by telling appellant to stop and by pushing him away.

After her encounter with appellant in the parking lot, the victim returned to a group of friends in a car. They rode around town, then stopped at appellant's house. Not wanting to go inside, the victim protested to the driver of the car. When the driver reassured her that he would return shortly, the victim reluctantly went inside appellant's house with her girlfriend, Tiffany.

Appellant escorted the two girls to a basement bedroom. Tiffany lay down on a blanket on the floor and the victim sat down beside her. With the lights out and the bedroom door locked, appellant pulled the victim by the shoulders onto a bed. He forced her down on the bed, removed her pants and rolled on top of her. Tiffany, who was dozing, heard the victim say, "No, don't do that," "Don't unbutton my shirt," "Stop it," "Just stop," "Stop, don't do that," and "I don't want to do this." The victim resisted the removal of her pants by trying to hold them up. She also tried to free herself by pushing appellant off her, but he put more weight on her. Appellant then performed sexual intercourse on the victim.

Hearing someone tap on a window, appellant stopped, dressed, and went upstairs. When he returned to the basement bedroom, the victim had dressed. Appellant again pulled the victim on the bed and began removing her clothing. This time Tiffany intervened, argued with appellant, and insisted that they leave.

The girls left appellant's house and walked to a convenience store where the police picked them up. The police took the victim to the hospital. The examining physician found recent bruising, swelling, and redness in the genital area. The doctor reported that the bruises were "clearly sign[s] of distinct resistance," and were positively not caused by normal intercourse.

Appellant contends that the state failed to prove any forcible compulsion and to establish his non-marriage to the victim. Appellant maintains that the victim's testimony regarding her fear of him insufficiently established the element of forcible compulsion. Arguing that the victim's testimony was so inconsistent as to require corroboration, appellant points out conflicts between her testimony and other evidence supporting his defense of consensual intercourse. In support, he stresses evidence that the victim went inside appellant's house, even though she was afraid of him; that she knew that others were present in

the house, but did not scream or seek help; that appellant made no threats of physical injury and displayed no weapons. Appellant further contends that no evidence showed that he was not married to the victim.

█ A rape conviction can be supported by the victim's uncorroborated testimony. *State v. Bryant,* 756 S.W.2d 594, 597 (Mo.App.1988). Corroboration is not required unless the victim's testimony is so contradictory or in conflict with the physical facts, surrounding circumstances, and common experience to render its validity doubtful. *State v. Daniel,* 767 S.W.2d 592, 593 (Mo.App.1989). Conflicts between the victim's testimony and that of other witnesses fail to trigger the application of the corroboration rule. *Id.* "Forcible compulsion," an essential element of forcible rape, may be proved by evidence of either (a) physical force that overcomes reasonable resistance, or (b) a threat, express or implied, that places a person in reasonable fear of death, serious physical injury, or kidnapping. *Bryant,* 756 S.W.2d at 597.

█ Contrary to appellant's argument, the victim's testimony was not so inherently inconsistent as to require corroboration. Throughout her testimony, the victim stated that she was afraid of appellant because of his sexual advances toward her and because of his reputed membership in a street gang. She explained that her fear of appellant prevented her from seeking immediate help and from knowing how to handle the predicament. On the issue of forcible compulsion, the victim consistently stated that appellant forced her to have intercourse against her will. Her testimony of her resistance by telling appellant to stop and by trying to push him away, and of being overpowered by appellant sufficiently established forcible compulsion. Although not required, Tiffany's testimony regarding the victim's statements and the medical evidence of the victim's injuries further buttressed the proof of forcible compulsion.

█ Appellant's claim that nothing proved that he and the victim were not married is meritless.[1] Direct evidence of non-marriage in a rape case is not necessary; circumstantial evidence of the marital status suffices. *State v. Maynard,* 714 S.W.2d 552, 556 (Mo.App.1986). Here, both the victim and appellant admitted that they had met for the first time on the night of the incident; both individuals had different surnames. Such circumstantial evidence sufficiently established the element of non-marriage.

█ We accordingly reject appellant's challenge to the sufficiency of the evidence. However, we detect, sua sponte, an apparent clerical error in the judgment, which refers to appellant's conviction of forcible rape as a "class B felony". The applicable version of § 566.030, RSMo 1986 (repealed 1990), defines four crimes: (1) forcible rape, an unclassified felony; (2) aggravated forcible rape, a class A felony; (3) rape, a class B felony; and (4) aggravated rape, a class A felony.[2] *See, Weeks v. State,* 785 S.W.2d 331, 332 (Mo.App.1990). In appellant's case, the information and the verdict directing instruction set forth the elements and the range of punishment for forcible rape, the unclassified felony. Here, contrary to references in the judgment, appellant was convicted of the unclassified felony of forcible rape, not the class B felony of rape. Correction of this clerical error may be accomplished by removing references to "class B felony" from the judgment by nunc pro tunc order without the necessity of resentencing. *Daniel,* 767 S.W.2d at 593–94.

We affirm appellant's conviction and sentence, and remand for the limited purpose of correcting the judgment consistent with this opinion.

All concur.

█

---

1. Under a revision effective August 28, 1990, the defendant bears the burden of injecting the issue of his non-marriage to the victim in rape and sodomy prosecutions. Section 566.085, RSMo Supp.1990.

2. The revised version of § 556.030, RSMo Supp. 1990, makes both forcible rape and rape unclassified felonies.