STATE of Missouri, Respondent,

v.

Rayford ROBINSON, Appellant.

No. 60786.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 3, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 3, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Charles R. Oldham, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendant appeals from his conviction of unlawful use of a weapon. He was sentenced to eight years imprisonment as a prior and persistent offender. Defendant raised a timely *Batson* challenge to the State's use of its peremptory strikes which the court overruled. He also challenged two of the State's strikes for cause which were overruled as well. We affirm.

Defendant's first point on appeal is that the trial court committed error when it impaneled the jury over his objection because the prosecutor's peremptory strikes against blacks were racially motivated. The Equal Protection Clause forbids the prosecutor to challenge potential jurors based solely on race. *Batson v. Kentucky,* 476 U.S. 79, 84, 106 S.Ct. 1712, 1718, 90 L.Ed.2d 69, 79 (1986). The prosecutor exercised four of his six peremptory strikes against black venire members. Upon the

assertion of the *Batson* challenge by defendant's attorney, the prosecutor offered race neutral explanations for his strikes. Defendant contends the reasons given were pretextual because some similarly situated whites were not stricken.

The trial court's determination regarding purposeful discrimination remains a finding of fact and will not be overruled on appeal unless clearly erroneous. *State v. Parker*, 836 S.W.2d 930, 939 (Mo.banc 1992). Clearly erroneous means the reviewing court is left with a definite and firm conviction that a mistake has been committed. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo.banc 1987).

Once the State has furnished race neutral reasons for the exercise of peremptory strikes, the burden is upon the defendant to demonstrate the reasons given were pretextual. *State v. Jackson*, 809 S.W.2d 77, 81 (Mo.App.1991); *State v. Shanks*, 809 S.W.2d 413, 416 (Mo.App. 1991). Defendant's only attempt to make such a showing is his assertion that some white venire persons who gave similar answers to questions on voir dire were not stricken. This alone is not sufficient to establish purposeful discrimination. *State v. White*, 753 S.W.2d 52, 55 (Mo.App.1988). It is but one of many factors to be considered in determining whether or not peremptory strikes are racially motivated. *State v. Rogers*, 753 S.W.2d 607, 610 (Mo.App. 1988). Age, occupation, education, and demeanor are but a few of the additional factors which may serve as proper motivation for the exercise of a peremptory strike. We defer to the trial court's finding of fact implicit in the denial of the defendant's challenge to the impanelling of the jury. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo.banc 1987). Point denied.

Defendant's second point on appeal is that the trial court committed error by abusing its discretion when it struck two black jurors for cause on State's motion. The court sustained State's motion to strike for cause on Patricia Clark because her husband had previously been represented by defense attorney and because she stated she knew defense counsel socially. The court also sustained State's motion to strike Bessie Lowman for cause since de-

fense counsel had previously represented the nurses union she belonged to at City Hospital. Defendant argues the trial court abused its discretion because Ms. Clark and Ms. Lowman each stated she could be impartial despite the prior relationship.

Defendant may not claim error based on the *sustaining* of a challenge for cause if a full panel of qualified jurors is tendered for peremptory challenge. *State v. Jones*, 749 S.W.2d 356, 360 (Mo.banc 1988), *cert. denied* 488 U.S. 871, 109 S.Ct. 186, 102 L.Ed.2d 155 (1988). Here the court sustained the State's challenge for cause against two venire members. These sustained challenges have no effect on the qualifications of the jurors tendered for peremptory challenges. Defendant did not have to use his peremptory challenges to remove venire members whom defendant legitimately but unsuccessfully attempted to remove for cause. We have repeatedly encouraged trial judges to excuse challenged jurors freely when arguable grounds are presented. *State v. Jones*, 749 S.W.2d at 360. Defendant has failed to show a real probability of injury based upon the State's successful challenges for cause. Point denied.

Defendant's conviction is affirmed.

CRANE and SIMON, JJ., concur.