STATE of Missouri, Respondent,

v.

Anthony LYLES, Defendant–Appellant.

No. 74082.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 25, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1999.

Application for Transfer Denied
Aug. 24, 1999.

1. All statutory references are to RSMo 1994.

Douglas R. Hoff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, III, Asst. Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE E. MOONEY, Judge.

Anthony Lyles ("Defendant") appeals from the judgment entered upon his jury convictions for first degree robbery, section 569.020, RSMo 1994, attempted first degree robbery, section 564.011, RSMo 1994, and kidnapping, section 565.110, RSMo 1994. We affirm.

Viewed in the light most favorable to the verdict, the evidence presented at trial revealed the following: On October 2, 1995, at about 1:30 a.m., Montay Lane and his girlfriend Torlisa Nash were waiting in the drive-thru lane of a fast-food restaurant at 2163 Grand Avenue in St. Louis City. They were in Lane's 1984 gray Celebrity station wagon. Defendant approached the car with his gun drawn and yelled, "Get out of the car!" The yelling woke Nash, who was dozing in the passenger seat. Lane got out of the car, but when Nash tried to exit on the passenger side, she was unable to do so due to a jammed door. Nash asked Defendant to wait, but he told her to shut up and drove off with her still inside the car.

Defendant drove the station wagon down Grand Avenue to Magnolia Street, up to Ninth Street, and then in and out of a number of streets. As he drove, Defendant pointed the gun at Nash and demanded her money, jewelry and valuables. Defendant let Nash out of the car near 39th Street and Shaw.

Montoy gave a description to police of a tall, heavily built man with braids in his hair. Later that morning, Officer Tony Yates of the St. John's Police Department spotted the station wagon in front of an apartment complex, learned it was stolen and received a description of the suspect. Yates saw Defendant, a large man wearing braids, get out of the stolen car and walk up to the apartments. As Yates waited for back-up to arrive, he saw Defendant come out of the apartments and get into the stolen car. Yates ordered Defendant out of the car and handcuffed him. A search of Defendant revealed the keys to the stolen car in his pocket. At a line-up later that day, both Montoy and Nash identified Defendant as the robber. Also, Defendant's fingerprints were recovered from the driver's side exterior window.

Defendant testified in his own behalf and denied being involved in the robbery. He claimed he was simply visiting his girlfriend's apartment and was arrested while walking across the parking lot. He denied he was in the car or had the car keys.

The jury convicted Defendant of first degree robbery, attempted first degree robbery and kidnapping. The court sentenced him to three concurrent prison terms of thirty years. Defendant timely filed this appeal.

■ In his first point, Defendant argues the trial court erred in overruling his motions for judgment of acquittal as to the kidnapping charge. Defendant contends the State presented no evidence that Defendant kidnapped Nash to facilitate his flight after committing the robbery, but rather that she simply could not get out of the car as ordered.

Our review is limited to determining whether there was sufficient evidence from which a reasonable trier of fact might have found defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). Further, in assessing the sufficiency of the evidence, the reviewing court accepts as true all evidence favorable to the verdict, including all favorable inferences from the evidence, and disregards all evidence and inferences to the contrary. *Id.*

The State charged Defendant with kidnapping in violation of section 565.110.1(4), RSMo 1994, which provides that a person commits the crime of kidnapping if "he unlawfully removes another without his consent from the place where he is found ... for the purpose of ... [f]acilitating the commission of any felony or flight thereafter."

Here, there was ample evidence to support Defendant's conviction. Defendant ordered the occupants of the car to exit the car, but Nash was unable to do so because her door jammed. Even so, Defendant drove off with her still inside. He drove around the City and attempted to get money and jewelry from her by robbing her at gunpoint. Defendant's taking of Nash facilitated his stealing the car and fleeing the scene without getting caught.

*See, State v. Seddens,* 624 S.W.2d 470, 472 (Mo.App. W.D.1981).

■■ Defendant also asserts the State failed to show that his taking of Nash was not merely incidental to the crime of first degree robbery. Kidnapping is not a proper charge where the movement or confinement of the person is incidental to another offense. *State v. Erby,* 735 S.W.2d 148, 149 (Mo.App. E.D.1987). However, in making this assessment, the court must determine if there is a risk of additional harm or danger created by the movement or confinement that is not present in the initial offense. *State v. Tomlin,* 864 S.W.2d 364, 366–67 (Mo.App. E.D. 1993). This determination depends upon the facts of each specific case. *State v. Jackson,* 703 S.W.2d 30, 33 (Mo.App. E.D. 1985).

Contrary to Defendant's assertions, Nash was exposed to new additional harm and danger by Defendant's removing her from the scene. Indeed, Defendant attempted to rob her at gunpoint after fleeing the scene with her, and was only foiled in this new robbery because Nash had no money or valuables. Certainly Nash was exposed to additional harm and danger by Defendant's actions. *See, White v. State,* 954 S.W.2d 703, 705 (Mo.App. W.D.1997). Defendant's point is without merit.

■ In his second point, Defendant contends the trial court plainly erred in overruling objections to the State's closing argument that were an improper personal attack upon defense counsel. Defendant complains about the following rebuttal argument made by the State:

[PROSECUTOR]: You have got the facts. They picked him out and did it independently. If they are both just mistaken, how could, incidentally, they independently, without even talking to each other, how is it each one picks out the same guy? How do you explain, ladies and gentlemen, that the car ended up in the same place as the defendant? None of the other four guys in the lineup. How do you explain the keys were in his pockets? Police Officer Yates

didn't lie. Defense counsel is either confused or she's lying or trying to mislead you.

■■ Defense counsel objected to the argument as an improper attack on defense counsel. However, the issue was not raised in the motion for new trial. Therefore, it is not preserved for appellate review, and our review is only for plain error pursuant to Rule 30.20. Plain error review is limited to those cases where there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *State v. Chaney,* 967 S.W.2d 47, 59 (Mo. banc 1998); Rule 29.12(b). In addition, the trial court has wide discretion in controlling the scope of closing argument and unless that discretion is clearly abused to the defendant's prejudice, the trial court's rulings shall not be disturbed on appeal. *State v. Castillo,* 853 S.W.2d 381, 386 (Mo.App. E.D.1993).

■ Clearly, personal attacks on defense counsel by a prosecutor are improper and objectionable. *State v. Howard,* 896 S.W.2d 471, 485 (Mo.App. S.D.1995); *State v. McGee,* 848 S.W.2d 512, 514 (Mo. App. E.D.1993). In the case at hand, the State improperly conducted a personal attack on defense counsel by positing that she was lying. However, there is no *per se* rule mandating reversal in all cases in which the State makes such objectionable comments. *Howard,* 896 S.W.2d at 485–86.

■ In seeking reversal, Defendant relies upon three cases: *State v. Greene,* 820 S.W.2d 345 (Mo.App. S.D.1991); *State v. Burnfin,* 771 S.W.2d 908 (Mo.App. W.D. 1989); and *State v. Harris,* 662 S.W.2d 276 (Mo.App. E.D.1983). In each of these cases, a district of the Missouri Court of Appeals reversed a conviction where the State made an improper attack on defense counsel in closing argument. *Greene,* 820 S.W.2d at 347; *Burnfin,* 771 S.W.2d at 912–13; *Harris,* 662 S.W.2d at 277. However, in *Harris* and *Greene,* the court did not address the issue of whether the im-

 

proper attack would have constituted plain error.

Of the three primary cases relied upon by Defendant, only *Burnfin* involves an appellate court reversing upon a finding of plain error. However, in *Burnfin*, the Court relied upon multiple attacks by the State to find excesses warranting reversal. *Burnfin*, 771 S.W.2d at 913. In the case at bar, the prosecutor made only one isolated improper remark. Brief, isolated, nonrepetitive remarks of the State in closing rarely call for plain error relief. *Howard*, 896 S.W.2d at 486; *McGee*, 848 S.W.2d at 515. Plain error relief may be considered on appeal only where "there is a sound, substantial manifestation, a strong, clear showing that injustice or a miscarriage of justice will result if relief is not given." *State v. Hill*, 808 S.W.2d 882, 888 (Mo.App. E.D.1991). We do not believe that the isolated argument in this case was so noticeable or prejudicial as to warrant reversal.

In addition, there is an apparent basis in the record for the State's closing argument. The State's closing argument was made in response to defense counsel's argument that Officer Yates lied. In her cross-examination of Officer Yates and in her closing argument, defense counsel called Yates a liar and attempted to show that he had testified inconsistently on direct about the events of the day he arrested Defendant. Counsel argued that Yates testified on direct that when he arrested Defendant the keys to the car were in the ignition, and further, that Defendant drove away in the car for about half a block before Yates arrested him. However, Yates never testified as defense counsel represented to the jury. Indeed, Yates consistently testified that he arrested Defendant at the car in front of the apartment complex and the keys to the car were in Defendant's pocket. Although the prosecutor should have resisted the impulse to personally attack defense counsel, the statement had some limited basis in the record. We find no plain error in the State's comments. Point denied.

The judgment is affirmed.

SIMON, P.J., and CRANE, J. concur.