**STATE of Missouri, Respondent,**

v.

**Kevin BESS, Appellant.**

No. ED 79377.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 25, 2002.

Application for Transfer Denied
May 28, 2002.

David C. Hemingway, Asst. Sp. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Asst. Atty. Gen., Jefferson City, for Respondent.

GEORGE W. DRAPER III, Judge.

Kevin Bess (hereinafter, "Appellant") appeals from a conviction finding him guilty of two counts of forcible sodomy under Section 556.060 RSMo (1999)[1], one count of kidnapping under Section 565.110, and one count of assault under Section 565.050. Appellant was sentenced to a total of eighty years imprisonment. Appellant challenges the trial court's denial of his motion for judgment of acquittal as to the kidnapping charge. We affirm.

On December 13, 1999, Y.H., the victim, was on her way home from work when she got off of the bus and walked from the bus stop. The stop was across Benton Park from her home. When Y.H. approached the entrance to the park, she saw Appellant standing by the gate. Y.H. thought he might do something to her at the entry to the park, which was very dark. When she walked past him, he turned and entered the park behind her.

As Y.H. approached a lighted area of the park approximately thirty to forty yards from her house, Appellant jumped in front her and asked her, "Don't I know you?" Y.H. replied that she did not, to which Appellant said, "Don't you owe me some money, bitch?" Again, Y.H. reiterated that she did not know him and turned and swung the bag she was carrying at Appellant.

As she turned to run, she fell, and Appellant sat on top of her chest and hit her in the head with a palm-sized rock. Y.H.

---

1. All statutory references will be to RSMo (1999) unless otherwise noted.

testified that she thought he hit her more than twice and she was unsuccessful in pushing him off of her. Y.H.'s head was cut badly and bleeding when Appellant started pulling her pants down. Appellant proceeded to drag her across the grass in an effort to get her pants off. Y.H. offered to take her pants off herself, and when she attempted to do so, Appellant struck her with the rock again.

After Y.H.'s pants and shoes were removed at the bottom of a hill, Appellant walked Y.H. back up the hill to a restroom building where he made her remove the rest of her clothes. Appellant threatened to kill Y.H., but told her he wanted to anally sodomize her first. Appellant threatened to kill her if she did not stop screaming for help. After sodomizing her, Appellant continued to threaten her and forced her to lie on her back and perform oral sex on him.

In the meantime, a witness who was smoking marijuana by the restroom building in the park, heard Y.H. being assaulted and screaming and called the police. Finally, Appellant told Y.H. that he was going to take her to his house and kill her, but he wanted her to perform other sex acts on him. Seizing an opportunity when Appellant turned around, Y.H. pushed him and ran naked through the park screaming for help. Arriving shortly after the witness called, the police eventually found Y.H. and saw Appellant running from the restroom with his pants around his knees. Appellant was apprehended, and Y.H. identified him as the man who attacked her.

A jury convicted Appellant of two counts of forcible sodomy, one count of kidnapping, and one count of assault. He was sentenced to a total of eighty years' imprisonment. This appeal follows.

Appellant's sole point on appeal claims the trial court erred in denying his motion for judgment of acquittal on the kidnapping charge because the State did not prove beyond a reasonable doubt that Y.H. was subjected to an increased risk or additional danger by being moved from the spot where she was first accosted to a spot thirty feet away in the same park. Appellant claims the State did not establish that the spot where the confrontation began was any less visible than the spot where it concluded.

Our review is limited to determining whether there was sufficient evidence from which a reasonable trier of fact might have found Appellant guilty beyond a reasonable doubt. *State v. Lyles*, 996 S.W.2d 713, 715 (Mo.App. E.D.1999). Further, in assessing the sufficiency of the evidence, we accept as true all evidence favorable to the verdict, including all favorable inferences from the evidence, and disregard all evidence and inferences to the contrary. *Id.*

The State charged Appellant with kidnapping in violation of Section 565.110.1(4), which states a person commits the crime of kidnapping "if one unlawfully removes another without his [or her] consent from the place where he [or she] is found ... for the purpose of ... [f]acilitating the commission of any felony...." The offense of kidnapping should not be charged in situations where the movement or confinement is merely incidental to another offense. *State v. Williams*, 860 S.W.2d 364, 366 (Mo.App. E.D.1993).

To determine whether a defendant's action of moving and confining the victim is incidental to another offense or is in itself sufficient to constitute kidnapping, we look to see if there was any increased risk of harm or danger to the victim from the movement or confinement that was not present as a result of the other offense.

*State v. Olds,* 831 S.W.2d 713, 720 (Mo. App. E.D.1992). "Increased risk of harm or danger may arise either from the movement itself or from the potential of more serious criminal activity because of the remoteness or privacy of the area to which the victim was moved." *State v. Jackson,* 703 S.W.2d 30, 33 (Mo.App. E.D.1985). "The time involved in the movement or the distance it covers are not the determining factors." *Id.* Whether the asportation or confinement of the victim necessary to commit kidnapping occurs depends on the facts of each case. *Id.*

Appellant argues the State's evidence did not establish that Y.H. was any more remote from discovery in the restroom than at any particular spot along the path, which was at most thirty feet. Appellant points out that the restroom building was about fifty feet east of Jefferson Street, but was not visible from Jefferson because of trees and a tennis court. Appellant also mentions that ironically the short movement led to her rescue, since the witness who reported the assault was behind the restroom building getting high.

Appellant's argument fails to recognize that the focus of the analysis is not on the actual injury, but rather, the increased risk to the victim. *State v. Tomlin,* 864 S.W.2d 364, 367 (Mo.App. E.D.1993). Appellant accosted Y.H. in a well-lighted area of the park, and after physically assaulting her and dragging her down a hill, he took her to the restroom building where he sodomized her. A reasonable inference from this activity is that Appellant would not have sodomized Y.H. in the well-lighted area where they could possibly be seen by witnesses. Even though Appellant moved Y.H. only a short distance from the path to the restroom, he increased his ability to prolong the sexual assault and

make it more violent, and decreased the chance that there would be any witnesses. *See Tomlin,* 864 S.W.2d at 367.

The facts of the present case demonstrate that the movement and confinement of Y.H. were more than incidental to the sodomy. Therefore, there was sufficient evidence from which a reasonable trier of fact might have found Appellant guilty of kidnapping beyond a reasonable doubt. The judgment is affirmed.

MARY R. RUSSELL, J., and MARY K. HOFF, J., concur.