STATE of Missouri, Respondent,

v.

Kenneth COLE, Appellant.

Kenneth COLE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60462, 62921.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 21, 1993.

Michael A. Gross, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Kenneth Cole was convicted by a jury of murder in the first degree in violation of § 565.020 RSMo 1986 and armed criminal action in violation of § 571.015 RSMo 1986. Defendant was sentenced by the court to life without possibility of probation or parole on the first degree murder count and three years imprisonment on the armed criminal action count, to be served concurrently. Defendant also appeals the denial of his motion to vacate the judgment and sentence pursuant to Rule 29.15. We find that the trial court erred in admitting a tape recorded statement into evidence in that the tape was played in its entirety, the statement substantially repeated the testimony of the only witness who could connect defendant to the shooting and resulting murder, and the statement contained hearsay statements specifi-

cally objected to which were not excluded. The judgment of the trial court is reversed and the case is remanded for a new trial.

Defendant does not challenge the sufficiency of the evidence. We review the evidence in the light most favorable to the verdict. On June 21, 1990, at approximately 11:30 p.m., Terry Mitchell was shot in the back. Terry died at a hospital later that night. Terry's sister, Lena Mitchell, was the sole witness to the shooting.

Lena testified that Terry was in a street fight with defendant and several other men outside her apartment on June 21, 1990 at approximately 10:00 or 10:30 p.m. After the fight was over, the men drove away. Later that evening, defendant and several other men entered defendant's home across the street from Lena's apartment with guns. Terry also returned to the area to check-up on his sister. Lena saw a man carrying a gun approach from behind and shoot Terry in the back. The man got into the back seat of a light-colored four-door automobile and immediately left the scene.

Lena told the police who investigated the shooting that defendant shot her brother. At the police station Lena identified defendant in a lineup. While at the station, and immediately after learning of her brother's death, Lena made a tape recorded statement detailing the events of the evening.

Defendant's first point on appeal is that the court erred in admitting Lena's tape recorded statement into evidence. Lena was the first witness to testify for the prosecution. During cross examination, defense counsel pointed out four inconsistencies with Lena's in court testimony and her tape recorded statement. In each case defense counsel played an isolated portion of the taped statement containing the inconsistencies. After hearing the recorded statement, Lena changed or recanted her in-court testimony. The state was allowed to enter the entire tape recorded statement into evidence on redirect over defense counsel's repeated objections. The court chose not to preview the taped statement before playing the tape for the jury. In addition the tape and a tape recorder were given to the jury while they were in deliberations. Defendant argues that the playing of the entire tape was improper bolstering and constituted prejudicial error. We agree.

A prior consistent statement may be used to rehabilitate a witness who has been impeached by a prior inconsistent statement. *State v. Clark*, 711 S.W.2d 928, 933 (Mo.App.1986). The use of the prior consistent statement should be limited, however, to the extent necessary to counter the subject on which the witness was impeached. *Id.* The use of a prior consistent statement which exceeds the scope of the impeachment is incompetent and inadmissible. *See Id.*

When reviewing the improper admission of evidence, the court will not reverse if the error was harmless, but only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc. 1990). The Missouri Supreme Court has stated that an "error can be declared harmless only if we are 'able to declare a belief that it was harmless beyond a reasonable doubt.'" *State v. Miller*, 650 S.W.2d 619, 621 (Mo. banc. 1983) (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)).

We are unable to declare that the admission of the entire tape recorded statement was harmless beyond a reasonable doubt. Defense counsel objected to the admission of the tape before the entire tape was played to the jury and requested the court hear the tape in its entirety before ruling on the objection. The court declined to exercise its discretion by first previewing the tape for admissibility. Lena was the only person who witnessed the shooting and her testimony was the only testimony that connected defendant to the murder. Playing the tape recorded statement in its entirety for the jury was improper bolstering in that it substantially repeated Lena's in-court testimony. A party who can present the same testimony in multiple forms may obtain an undue advantage. *State v. Seever*, 733 S.W.2d 438, 441 (Mo. banc. 1987).

The state insists that the playing of the entire tape did not constitute prejudicial error. The state relies principally on *State v. Morris*, 639 S.W.2d 589 (Mo. banc. 1982) and

*McMillin.* Each is distinguishable from the present case. The court in *Morris* found the admission of prior consistent statements of a witness as related by a police officer to be harmless error. The court noted that evidence of guilt included the testimony of an eyewitness and two police officers. The court in *McMillin* found the admission of a small portion of a witness's prior statement to be harmless error noting that there was sufficient evidence to establish guilt without the prior statement. The court also found the admission of a taped statement and transcript of another witness to be harmless error noting the numerous inconsistencies between the prior statements and the in-court testimony. These cases are distinguishable from the present case in that Lena's testimony is the only testimony establishing defendant's guilt and that Lena's taped statement was played in its entirety and substantially repeated her in-court testimony. The state's brief also contains a string cite, without discussion, of cases which found prior consistent statements admissible. These cases are similarly distinguishable. Without citing any authority, the state further contends that the admission of the entire statement was proper to put into context the portions used by the defendant on cross-examination and to rebut charges of recent fabrication. These goals could have been accomplished without the use of the entire statement.

▆▆▆▆ In addition to improperly bolstering Lena's in-court testimony, the taped statement contained hearsay statements which were specifically objected to by defense counsel. In particular Lena described the fight, which took place before the shooting, and stated that someone said, "get the gun they beating him." Lena could not identify the speaker and the speaker did not testify in court. The state relies on *State v. Harris,* 620 S.W.2d 349 (Mo. banc. 1981) which held that a statement was not hearsay because it was not admitted to prove the truth of the matter asserted. The state, however, fails to offer any other purpose of the declaration in question other than to prove the truth of the matter asserted. The declaration was made during a fight and was admitted as part of a witness's description of that fight. The declaration is impermissible hearsay. Although the admission of the declaration by itself may not be prejudicial error, we find that the cumulative error of improper bolstering and admission of hearsay statements resulting from the playing of the entire tape recorded statement was prejudicial and constitutes grounds for reversal.

Defendant's second point of error is that the court erred in denying defense counsel's request for leave to testify and counsel's alternative motion for leave to withdraw and for the declaration of a mistrial. Defendant claims defense counsel's requests should have been granted because of the alleged perjured testimony of Officer Mack. Because we are reversing and remanding this case on other grounds and we believe this problem will not arise in a new trial, we do not address this point.

Defendant's third point claims the court erred in denying defendant's Rule 29.15 motion. In view of our disposition of this case on direct appeal, defendant's challenge is moot. *State v. Murray,* 842 S.W.2d 122, 123 (Mo.App.1992).

Eleven days before this appeal was scheduled for hearing before this court, defendant filed a motion to remand to the circuit court for a new trial. The motion alleged the discovery of new evidence after the times for filing a motion for a new trial and for presenting evidence pursuant to a motion for post conviction relief had expired. In light of our decision to remand with instructions for a new trial based on previously discussed trial error, we deny defendant's motion as moot.

Judgment reversed and case remanded for new trial.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.