STATE of Missouri, Respondent,

v.

James BELL, Appellant.

No. WD 51732.

Missouri Court of Appeals,
Western District.

Dec. 17, 1996.

---

Barbara Hoppe, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and HANNA and SMART, JJ.

ULRICH, Chief Judge.

James Bell appeals his convictions following a jury trial for first degree assault, § 565.050, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994, and sentences as a prior, persistent, and class X offender of fifteen years and five years imprisonment, respectively. Mr. Bell asserts two points of error. He claims the trial court erred (1) in permitting the introduction of a prior statement of the state's principal witness, thereby impermissibly bolstering the witness' in-court testimony; and (2) in failing to grant his motion for acquittal at the close of all the evidence because the testimony of the state's principal witness was so inconsistent regarding essential matters that her testimony required corroboration and none was offered. The judgment of convictions is affirmed.

## FACTS

At approximately 5:30 p.m. on November 16, 1994, Anthony Drummer (also known as "Snot"), the victim, Chonita Jones, and the appellant, Mr. Bell (also known as "Popeye"), drove to Swope Park in Kansas City, Missouri. When they arrived at the Park, Mr. Drummer grabbed Ms. Jones and pulled her out of the car. He accused her of being a police informant in a drug case against him. Mr. Bell then shot Ms. Jones in the back of the head, and she lost consciousness.

When Ms. Jones regained consciousness, the two men were standing over her. They realized that she was still alive, and one of them dropped a brick or rock on her head. Mr. Bell also hit her in the head four times with the butt of the pistol. Ms. Jones was then able to escape by running to a nearby road where a passing motorist picked her up and took her to the hospital.

At the hospital, Ms. Jones identified her assailants by their nicknames, Snot and Popeye. The police officers ran the nicknames through their computer which generated Mr.

Drummer's and Mr. Bell's names. A photo spread was then made containing the pictures of both men. Ms. Jones identified Mr. Bell as the man who shot her. She was unable, however, to identify Mr. Drummer that night. On November 21, 1994, Ms. Jones gave police a formal written statement. She also identified Mr. Drummer from another photo lineup.

Mr. Bell was charged by amended information with one count of first degree assault, § 565.050, RSMo 1994, and one count of armed criminal action, § 571.015, RSMo 1994. Following a jury trial, Mr. Bell was convicted of the charges and sentenced to fifteen and five years imprisonment, respectively. This appeal followed.

## INTRODUCTION OF PRIOR CONSISTENT STATEMENTS

In his first point on appeal, Mr. Bell claims that the trial court erred in admitting Exhibit 27, Chonita Jones' signed written statement to police, after Ms. Jones had testified at trial and been released by the court. He argues that the prior out-of-court statement was inadmissible hearsay and improperly bolstered Ms. Jones' in-court testimony. He also contends that the admission of the statement after Ms. Jones had been released by the court deprived him of his right to confront and cross-examine her regarding those statements.

▮▮ A prior consistent statement is admissible to rehabilitate a witness who has been impeached by a prior inconsistent statement. *State v. Ramsey*, 864 S.W.2d 320, 329 (Mo. banc 1993), *cert. denied*, 511 U.S. 78, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994); *State v. Cole*, 867 S.W.2d 685, 686 (Mo.App.1993). The use of the prior consistent statement is limited, however, to the extent necessary to counter the subject on which the witness was impeached. *Cole*, 867 S.W.2d at 686. Improper bolstering occurs when the out-of-court statement of a witness is offered solely to be duplicative or corroborative of trial testimony. *Ramsey*, 864 S.W.2d at 329. If the use of a prior consistent statement exceeds the scope of the impeachment, it is inadmissible. *Cole*, 867 S.W.2d at 686.

▮▮ In this case, Ms. Jones was available for cross examination at trial and, in fact, was impeached by many inconsistencies between her trial testimony and her statement to police and deposition. She was impeached on the subjects of where in the Park the assault took place, who said what during the assault, whether she felt the pistol against her head before being shot, who hit her with the butt of the pistol, who hit her with the brick, and when she made the photo identifications of Snot and Popeye. In response to the cross examination, the state introduced the testimony of a police officer who interviewed Ms. Jones at the hospital and at police headquarters when she made her formal statement. Her November 21, 1994 police statement describing the November 16, 1994 incident was then introduced during his testimony. The statement was not introduced to corroborate Ms. Jones' testimony, but to rehabilitate her credibility which had been extensively attacked on cross examination. It did not exceed the scope of impeachment and was not improper bolstering. Point I is denied.

## SUFFICIENCY OF THE EVIDENCE

In his second point on appeal, Mr. Bell claims that the trial court erred in overruling his motion of judgment of acquittal at the close of all the evidence. He contends that the state failed to prove beyond a reasonable doubt that he committed the offense. Specifically, he asserts that Ms. Jones' testimony was so inconsistent that it failed without corroboration to provided sufficient evidence of his guilt.

▮▮ Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable jury might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey*, 894 S.W.2d 662, 673 (Mo. banc 1995); *State v. Idlebird*, 896 S.W.2d 656, 660 (Mo.App.1995). A reviewing appellate court views the evidence and all reasonable inferences drawn therefrom in the light most favorable to the state and disregards all evidence and inferences to the contrary. *Id.* It neither weighs the evidence nor deter-

mines the reliability or credibility of witnesses. *Idlebird,* 896 S.W.2d at 660–61.

 The testimony of a single witness is sufficient to support a conviction even if the testimony of the witness is inconsistent. *State v. Tomlin,* 864 S.W.2d 364, 366 (Mo. App.1993). Any inconsistencies are for the jury to resolve. *Id.* Similarly, contradictions in a witness' testimony do not inherently make evidence insubstantial. *Id.*

 Apparently, Mr. Bell is relying on the doctrine of "destructive testimony" or "destructive contradictions" in arguing that Ms. Jones' inconsistent testimony should have been corroborated. The doctrine provides that when a witness' inconsistent and contradicting statements at trial are so diametrically opposed to one another as to preclude reliance thereon and rob the testimony of all probative force, the witness' testimony loses probative value. *State v. Rodney,* 760 S.W.2d 500, 503 (Mo.App.1988). The doctrine applies only when the inconsistencies arise in the witness' trial testimony and not inconsistencies with his out-of-court statements. *Id.*

 The destructive contradictions doctrine does not apply in this case, and the evidence was sufficient to support a conviction. The inconsistencies relied on by Mr. Bell arose only between Ms. Jones' trial testimony and her out-of-court statements or other evidence at trial. Furthermore, the inconsistencies were unimportant. Who said what during the assault, whether Ms. Jones felt the pistol against her head before being shot, who hit her with the butt of the pistol, who hit her with the brick, and when she made the photo identifications of Snot and Popeye did not go to material elements of the state's case. Ms. Jones testified that she had not doubt that the man who shot her was Mr. Bell. The credibility and weight given to Ms. Jones' testimony was for the jury to determine. The testimony of Ms. Jones, therefore, was sufficient for reasonable persons to have found Mr. Bell guilty beyond a reasonable doubt of first degree assault and armed criminal action. The trial court did not err in overruling his motion for judgment of acquittal. Point two is denied.

The judgment of convictions is affirmed.

All concur.