**STATE of Missouri, Respondent,**

v.

**Shawn P. DERRICK, Appellant.**

**No. 21777.**

Missouri Court of Appeals,
Southern District,
Division One.

March 20, 1998.

---

Susan W. McGraugh, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cristi A. Ingalsbe, Asst. Atty. Gen., Jefferson City, for Respondent.

CROW, Judge.

A jury found Appellant guilty of statutory rape in the first degree, § 566.032, RSMo 1994, and assessed punishment at imprisonment for seven years. The trial court entered judgment per the verdict. This appeal followed.

As Appellant does not challenge the sufficiency of the proof to support the verdict, it is unnecessary to set forth a full account of the evidence. This opinion summarizes only the evidence necessary to resolve Appellant's sole claim of error.

The victim was born December 31, 1982. The offense occurred May 26, 1996.

Brian W. Adkison, a doctor of osteopathic medicine, examined the victim May 29, 1996. He quoted the victim as saying she had been sexually assaulted by two individuals, each of whom had sexual intercourse with her. Adkison's examination revealed "a recent laceration to [the victim's] hymen." Because "the bruising was still purplish," Adkison concluded the laceration "couldn't have been much beyond [five days old]."

During the prosecutor's questioning of Adkison, this dialogue occurred:

"Q. Did she tell you the names of the two perpetrators?
A. Yes, she did.
Q. And what names did she tell you?
A. Shawn Derrick and one—Hume."

Appellant's point relied on:

"The trial court plainly erred, and [Appellant] was greatly prejudiced, when the court allowed Dr. . . . Adkison to testify that [the] victim . . . told him that she had been raped by [Appellant]. This statement was hearsay and did not fall under any recognized exception to the hearsay rule. The admission of this statement violated [Appellant's] rights to due process and a fair trial as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, section 10 of the Missouri Constitution."

Appellant concedes that the testimony complained of in his point relied on was received at trial without objection, hence any issue regarding its admissibility was not preserved for review. See: State v. Graves, 588 S.W.2d 495, 499[4] (Mo. banc 1979). Appellant seeks plain error relief,[1] which is granted only when the court finds that manifest injustice or a miscarriage of justice has oc-

---

1. The argument following Appellant's point relied on asserts the trial court erred in failing, *sua sponte,* to declare a mistrial when Adkison testified that the victim "identified [Appellant] as her assailant." Appellate courts are wary of claims that a trial court erred in failing to declare a mistrial *sua sponte* in a criminal case. That is because generally, the double jeopardy clause of the Fifth Amendment to the Constitution of the United States bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent. *State v. Tolliver,* 839

curred. *State v. Sutherland,* 939 S.W.2d 373, 379–80[20] (Mo. banc 1997), *cert. denied,* — U.S. —, 118 S.Ct. 186, 139 L.Ed.2d 125 (1997).

Citing *State v. Bell,* 936 S.W.2d 204 (Mo. App. W.D.1996), and *State v. Miller,* 924 S.W.2d 513 (Mo.App. W.D.1996), Appellant maintains that Adkison's testimony that the victim told him that Appellant was one of the rapists was inadmissible. Appellant insists that Adkison's testimony was prejudicial because it "improperly bolstered the strength of [the victim's] testimony in this swearing match."

Assuming—without deciding—that Adkison's account of what the victim told him should have been excluded had a timely and proper objection been made, it does not inevitably follow that Appellant is entitled to a reversal. Reversal is warranted only if Adkison's testimony regarding the victim's revelation resulted in manifest injustice or a miscarriage of justice. *Sutherland,* 939 S.W.2d at 379–80[20].

The victim testified she and her 15–year–old sister ("B__") accompanied Appellant, Shannon Shaffer, Mike Hume and Jerry Wright to Wright's "trailer." According to the victim, everyone was drinking.

The victim told the jurors that Appellant and Hume had sexual intercourse with her in the living room of the trailer. The victim testified she submitted because she was afraid she would be hurt if she refused.

Appellant testified he was at the trailer with the other three males, the victim, and B__. However, swore Appellant, he was never alone with the victim and never had sexual intercourse with her.

B__ testified she was in another room of the trailer getting a tattoo and did not see any encounter between the victim and Appellant. However, B__ avowed that eventually the victim came to the room where B__ and others were "drinking and talking." Asked

how the victim was acting, B__ answered, "She was crying and told me she wanted to leave."

The victim and B__ were driven to a site a few blocks from their residence and walked the rest of the way home.

In *State v. Higgins,* 852 S.W.2d 172, 176[11] (Mo.App. S.D.1993), this court held that where the victim of a sexual offense testified at trial and was fully cross-examined by the accused's lawyer, the testimony of an investigator that the victim revealed the accused had touched the victim "in a private area"—received without objection—did not warrant plain error relief.

■ Here, Adkison's examination of the victim confirmed recent sexual intercourse. Appellant conceded he and the victim were at the trailer during the time the alleged offense occurred. B__'s testimony that the victim was crying buttressed the victim's testimony that the sexual activity was against her will. The victim testified and was fully cross-examined by Appellant's lawyer.

Given those circumstances, this court holds Adkison's testimony that the victim named Appellant as one of the two males who had sexual intercourse with her does not warrant plain error relief. While that testimony may have supplied some corroboration for the victim's testimony on that issue, its value was too exiguous to constitute manifest injustice or a miscarriage of justice. *Cf. State v. Howton,* 890 S.W.2d 740, 746 (Mo.App. W.D. 1995).

Appellant's point relied on is denied; the judgment is affirmed.

GARRISON, P.J., and PREWITT, J., concur.

S.W.2d 296, 299[9] (Mo. banc 1992). Consequently, a judge who declares a mistrial in a criminal case *sua sponte* may thereafter be confronted by the defendant's contention that he cannot be retried. Reversing convictions because trial courts fail to declare mistrials *sua sponte* allows defendants to remain mute when incidents unfavorable to them occur during trial, gamble on the verdict, then obtain a new trial if

the verdict is adverse. This puts trial courts in an untenable position and is contrary to the principle that an appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36[12] (Mo. banc 1982), *appeal dismissed,* 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983).