

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD38339
)
) Filed: **January 9, 2025**
JOHN YAGGY, )
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Kaiti Greenwade, Judge

**AFFIRMED**

John Yaggy ("Defendant") appeals his convictions following a jury trial for resisting arrest under §575.150 and second-degree kidnapping under §565.120.[1] Defendant asserts that the trial court erred in denying his motion for judgment of acquittal at the close of the State's evidence and his motion for judgment of acquittal at the close of all evidence because there was insufficient evidence to convict him. We affirm.[2]

---

[1] All statutory references are to RSMo 2016, as amended through May 31, 2022, the date of the alleged crime.
[2] Defendant was also convicted of first-degree burglary under §569.160 but does not challenge this conviction on appeal.

**Factual Background and Procedural History**

On May 31, 2022, a trailer-park manager ("Manager") responded to a call from a tenant that Defendant was on the park premises. Defendant had previously been banned from the premises, and Manager had told Defendant that if he came back the police would be called.

That morning, Victim was in her trailer at the trailer park. Victim heard people, including Defendant, talking outside about how she needed to move her car. Victim went outside, told Defendant she would move her car, and moved it.

As Victim was re-entering her trailer, Defendant followed her inside, grabbed her, and told her to "hush" because the police had arrived. Defendant pulled Victim's hair, covered her mouth, and told her if she told the police that he was inside she was a "dead b****" and that if she said anything, he would kill her.

Defendant eventually let go of Victim and she tried to escape. She could not go out the front door because Defendant was holding the door shut. Victim attempted to leave out the back door, but it was nailed shut. Victim could hear the police demanding that Defendant come out of the trailer, and Victim pled with the Defendant to exit the trailer and talk to the police. At this point, officers were instructing Defendant to exit the trailer. One officer was using a public announcement ("P.A.") system to instruct Defendant to come out of the house as he was under arrest. This officer testified that the P.A. system was loud enough for anyone inside the trailer to hear. Defendant was warned multiple times over the P.A. system that he was under arrest and needed to exit the trailer.

After Defendant refused to comply, officers approached the door of the trailer and attempted to push it open. After pushing open the door slightly, one of the officers grabbed Victim's wrist and pulled her out of the trailer. Defendant continued to resist. After removing

2

Victim from the trailer, a K9 handler who was on scene deployed a K9 into the trailer. After the K9 made contact with Defendant, the officers entered the trailer. Defendant refused to comply with their directives, even when he was being placed in handcuffs.

At trial, the State presented this evidence through eight witnesses, including Victim and four police officers who responded to the scene. At the close of the State's evidence, Defendant made a motion for judgment of acquittal which was denied. Defendant then introduced evidence through the testimony of Defendant's friend. Defendant made a motion for judgment of acquittal at the close of all evidence, which the trial court also denied. The jury convicted Defendant of burglary, kidnapping in the second degree and resisting arrest. This appeal followed.

## Analysis

In two points relied on, Defendant alleges that the trial court erred when it overruled his motion for judgment of acquittal at the close of the State's evidence (Point I) and then again at the close of all evidence because there was "insufficient evidence" and the "weight of the evidence was against the verdict" (Point II).

Defendant has waived any claim of error with respect to Point I. "When a defendant introduces evidence on his own behalf, he waives any error with respect to the denial of the motion for acquittal at the close of the [S]tate[']s evidence." *State v. Fears*, 217 S.W.3d 323, 327 (Mo. App. S.D. 2007) (quoting *State v. Trujillo*, 869 S.W.2d 844, 846 (Mo. App. W.D. 1994)). At trial, Defendant introduced evidence on his own behalf through the testimony of his friend. Therefore, any error related to the trial court's denial of his motion for acquittal at the close of the State's evidence has been waived. Point I is denied.

Defendant's Point II asserts both that there was "insufficient evidence" to support the verdict and that "the weight of the evidence was against the verdict." Point II also fails to

3

identify which counts Defendant is referring to as having insufficient evidence or being against the weight of the evidence. "In challenging sufficiency of the evidence to support . . . convictions for [multiple charges] . . . in a single point, [Defendant's] . . . point is multifarious." ***State v. Dodd***, 637 S.W.3d 659, 666 (Mo. App. W.D. 2021). Further, "[s]ufficiency of the evidence and against the weight of the evidence 'are distinct claims[,]' and 'must appear in separate points relied on in the appellant's brief to be preserved for appellate review.'" ***State v. Hitchcock***, 585 S.W.3d 378, 385 (Mo. App. S.D. 2019) (citing ***Ivie v. Smith***, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014)). Additionally, "appellate courts do not entertain against the weight-of-the-evidence challenges in criminal cases." ***Id.***

"Generally, multifarious points preserve nothing for appellate review and are subject to dismissal." ***State v. Clark***, 503 S.W.3d 235, 237 (Mo. App. W.D. 2016) (citing ***State v. Robinson***, 454 S.W.3d 428, 437 n.6 (Mo. App. W.D. 2015)). In this case, Point II itself offers little to no guidance to the Court as to what issues Defendant is challenging. It is our preference, however, to decide cases on the merits where we can decipher the argument being made by the appellant. ***Id.*** We will therefore use our discretion to decide the legal issue that we believe is being presented in Point II: a challenge to the sufficiency of the evidence to support the *mens rea* for Defendant's convictions as to Counts II (second degree kidnapping) and IV (resisting arrest).[3]

---

[3] In Defendant's brief, Defendant states:

> there was not sufficient evidence to support or corroborate the allegations against [Defendant] in Count II and III. Mainly, the state's evidence failed to support the required [*mens rea*] in both counts. One of the key issues in the case was whether [Defendant] had the purpose to terrorize [Victim] in Count I, and whether he had the purpose to commit resisting arrest in Count II.

Defendant appears to be attempting to address the *mens rea* requirements of Counts II (kidnapping in the second degree) and IV (resisting arrest). Defendant was found not guilty of Count I, and Defendant does not at all reference the conviction for Count III, burglary, in his argument.

In reviewing a challenge to the sufficiency of the evidence, "our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *Fears*, 217 S.W.3d at 327-28 (citing *State v. Paxton*, 140 S.W.3d 226, 229 (Mo. App. S.D. 2004)). "This Court considers all evidence in the light most favorable to the verdict and grants the State all reasonable inferences." *State v. McKenzie*, 599 S.W.3d 269, 273 (Mo. App. S.D. 2020) (quoting *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016)). All inferences to the contrary are disregarded. *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011). We do not "weigh the evidence anew since 'the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case[,]'" *State v. Freeman*, 269 S.W.3d 422, 425 (Mo. banc 2008) (quoting *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2022)), and we give "great deference to the trier of fact." *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998). Circumstantial evidence is given the same weight as direct evidence when considering the sufficiency of the evidence. *State v. Lowery*, 652 S.W.3d 783, 788 (Mo. App. E.D. 2022).

*I.    Kidnapping*

To be convicted of kidnapping in the second degree, a person must "knowingly [restrain] another unlawfully and without consent so as to interfere substantially with . . . her liberty and [expose] . . . her to a substantial risk of serious physical injury." §565.120. In convicting Defendant of kidnapping in the second degree, the State was not required to show that Defendant "had the purpose to terrorize [Victim]," as Defendant alleges, but instead only had to show that Defendant knowingly restrained Victim unlawfully and without her consent, which substantially interfered with her liberty and exposed her to a substantial risk of serious physical injury.

5

"Whether a defendant's unlawful restraint exposes a victim to the risk of serious physical injury is to be determined from all of the circumstances." *State v. Christian*, 184 S.W.3d 597, 602 (Mo. App. E.D. 2006). "The question is whether the defendant engaged in physical intimidation or violence, which, if repeated or carried further, could have seriously injured the victim or threats of or the propensity to commit violence which, if carried out, could have seriously injured the victim." *Id.* (citing *State v. Smith*, 902 S.W.2d 313, 315 (Mo. App. E.D. 1995)). Whether the victim actually suffered serious physical injury is irrelevant; exposing the victim to a substantial risk of serious physical injury is enough. *Id.* (internal citations omitted) (holding that a defendant's acts that, if repeated or carried further, could have seriously injured the victim, satisfied the element of exposing the victim to the risk of serious physical injury).

The record contains sufficient evidence to support Defendant's conviction for kidnapping in the second degree. Victim testified that Defendant followed her into her trailer, grabbed her by her hair, covered her mouth, and told her that if she told the police that he was inside that she would be a "dead b****" and that if she said anything, Defendant would kill her. Victim asked Defendant if she could leave the trailer, and Defendant said no. A police officer testified that he attempted to open the door to the trailer but could not do so because it was locked. After an officer kicked the door open and attempted to enter the trailer, Defendant pushed the door closed. Victim had to be physically assisted by police to escape the trailer. This evidence is sufficient to show that Defendant knowingly restrained Victim unlawfully and without her consent in a way that substantially interfered with her liberty and exposed her to the risk of substantial risk of serious physical injury.

II.    *Resisting Arrest*

Section 575.150 provides:

A person commits the offense of resisting or interfering with arrest . . . if he . . . knows or reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or stop an individual . . . and for the purpose of preventing the officer from effecting the arrest, stop or detention, he . . . .

(1) Resists the arrest . . . by using or threatening the use of violence or physical force or by fleeing from such officer . . . .

The State was not required to prove that Defendant had the "purpose to commit resisting arrest." Instead, the State only needed to prove that Defendant knew or reasonably should have known that a law enforcement officer was attempting to arrest him and that Defendant resisted to prevent arrest.

Here, there was sufficient evidence to prove that Defendant knew that law enforcement officers were attempting to arrest him and that Defendant resisted to prevent arrest. Such evidence includes the numerous announcements made by the officers over their vehicle's P.A. system, Defendant's instruction to Victim to remain quiet and to not tell the police he was inside the trailer, and Defendant's actions in pushing the door shut and failing to comply with the officers' directives. *See State v. Belton*, 108 S.W.3d 171, 174-75 (Mo. App. W.D. 2003) (noting that requiring the officers to struggle with a defendant in an attempt to arrest him supports the conclusion that he resisted arrest) (internal citations omitted).

While Defendant complains about the alleged "inconsistency" of the witness testimony against him, "[t]he testimony of a single witness is sufficient to support a conviction even if the testimony of the witness is inconsistent." *Dodd*, 637 S.W.3d at 668 (quoting *State v. Bell*, 936 S.W.2d 204, 207 (Mo. App. W.D. 1996)). Because the jury is in the best position to resolve credibility issues, including inconsistencies, "this Court will not engage in credibility determinations that are properly left to the trier of fact." *Id.* at 668 (citing *State v. Porter*, 439 S.W.3d 208, 213-14 (Mo. banc 2014)). Victim's testimony, combined with that of the multiple

7

officers who testified at trial, was sufficient to support Defendant's conviction for resisting arrest. Defendant's Point II is denied.

## Conclusion

The judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

BECKY J. WEST, J. – CONCURS